ANNA B. NEAL, Respondent, *v.* THE CITY OF ROCHESTER,
Appellant.

RIPARIAN RIGHTS — RESTRAINT BY MILL OWNER OF DIVERSION OF
WATER BY MUNICIPALITY UNDER GRANT FROM STATE — DAMAGE. In an
action brought by the owner of a mill on Honeoye creek, the natural out-
let of Hemlock lake, to restrain the city of Rochester from diverting the
waters of the lake by a new conduit in addition to the original conduit
constructed by it for municipal water supply under a grant from the
legislature of the waters of the lake, the condition essential to the mainte-
nance of the action, that the plaintiff will suffer damage by reason of the

new conduit, is established by the facts that, although the city had erected a bulkhead and gates on the connecting Canadice lake, by means of which the water of that lake had been used to maintain the usual flow of water in the creek, such bulkhead and gates were under the control of the city (the supplying of water from Canadice lake being a gratuitous act on the part of the city, and the plaintiff having no legal right to compel its continuance); that unless a supply of water was obtained from Canadice lake the flow upon the plaintiff's premises would, during the dry season, be much less than it was prior to the construction of the first conduit; that by reason of the construction of the conduit the flow through the creek had been largely diminished, especially during the dry season, and the plaintiff has been deprived of the use of the water which would otherwise have flowed in the creek upon and over her premises; that upon the completion of the new conduit the flow through the creek will, at times during the dry season, be so great as to exceed the entire output of the creek, and that then the plaintiff will not have sufficient water to operate her mill.

*Neal* v. *City of Rochester*, 88 Hun, 614, affirmed.

(Argued May 2, 1898; decided June 7, 1898.)

APPEAL from a judgment of the late General Term of the Supreme Court in the fifth judicial department, entered June 25, 1895, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at the Monroe Equity Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. J. Rodenbeck* for appellant. Respondent not having shown any pecuniary damage to her alleged water rights in Honeoye creek her complaint should have been dismissed under all the facts and circumstances of this case. (*Starr* v. *Child*, 5 Den. 599; *Halsey* v. *McCormick*, 13 N. Y. 296; *People ex rel.* v. *Jones*, 112 N. Y. 597; *Gouverneur* v. *N. I. Co.*, 134 N. Y. 355; *Morison* v. *N. Y. El. R. R. Co.*, 74 Hun, 398; *Kings Co. F. Ins. Co.* v. *Stevens*, 87 N. Y. 287; *Mott* v. *Clayton*, 9 App. Div. 181; *Blackman* v. *Riley*, 138 N. Y. 318; *Hall* v. *Whitehall W. P. Co.*, 103 N. Y. 129; *Higinbotham* v. *Stoddard*, 72 N. Y. 94; *Ousby* v. *Jones*, 73 N. Y. 621; Gerard's Title to Real Estate, 511; Code Civ. Pro. §§ 369, 370, 371, 372; *De Lancy* v. *Piepgras*, 138 N. Y.

26; *Mission of the I. V.* v. *Cronin,* 143 N. Y. 524; *Bliss* v. *Johnson,* 94 N. Y. 235; *Roberts* v. *Baumgarten,* 110 N. Y. 380; *Trustees of East Hampton* v. *Kirk,* 68 N. Y. 459; Spelling on Extraordinary Relief, § 23; *Calhoun* v. *Millard,* 121 N. Y. 69; *Genet* v. *D. & H. C. Co.,* 122 N. Y. 529; *Gray* v. *M. R. Co.,* 128 N. Y. 499; *Morgan* v. *City of Binghamton,* 102 N. Y. 500; *Moore* v. *Brooklyn City R. R. Co.,* 108 N. Y. 98; *McHenry* v. *Jewett,* 90 N. Y. 62; *People* v. *Canal Board,* 55 N. Y. 398; *Krone* v. *Kings Co. El. R. R. Co.,* 50 Hun, 432; *Purdy* v. *M. E. R. Co.,* 36 N. Y. S. R. 43.)

*Walter S. Hubbell* for respondent. The construction and use of the old conduit has diverted the waters of Hemlock lake so that the flow from said lake, through the natural outlet, has been substantially diminished thereby, and the construction and use of the additional new conduit will still further diminish the supply of water in Honeoye creek. (*Smith* v. *City of Rochester,* 38 Hun, 612; 104 N. Y. 674.) The taking of the additional supply by means of the new conduit is such an interference with plaintiff's rights that a court of equity will restrain the defendant from taking any of the waters of Hemlock lake by means thereof; and the present use of the old conduit is a like interference which a court of equity will also restrain. (*Smith* v. *City of Rochester,* 38 Hun, 612; 104 N. Y. 674; *Galway* v. *M. E. R. Co.,* 128 N. Y. 132; *Campbell* v. *Seaman,* 63 N. Y. 568; Wood on Nuis. [2d ed.] 387, § 364; Angell on Watercourses, 94, § 92; *Duesler* v. *City of Johnstown,* 24 App. Div. 608–611.) Plaintiff's use of the water is lawful. (Angell on Watercourses, 239, § 140.) The city has acquired no prescriptive right to flood Neal's left bank. (Wood on Nuis. [2d ed.] 492.)

HAIGHT, J. The plaintiff is a riparian owner operating a mill upon Honeoye creek, and has brought this action to restrain the defendant from diverting the waters of Hemlock lake from its natural outlet through Honeoye creek.

Hemlock lake is located in Livingston county, about thirty miles from the city of Rochester, and is about seven miles in length with a superficial area of 1,828 acres. Canadice lake is about one-third of the size of Hemlock lake and is located about a mile east therefrom. Under natural conditions Hemlock lake is the main source of supply of Honeoye creek. Prior to the year 1875 the defendant, under a grant from the legislature of the waters of Hemlock lake, constructed a conduit to the lake for the purpose of furnishing the inhabitants of the city with a supply of pure and wholesome water. For a number of years the city has drawn through the conduit 6,700,000 gallons of water per day, and, by reason of its construction and operation, the natural flow of the water from the lake in Honeoye creek has been diminished in that amount. Before the commencement of this action the city commenced the construction of an additional conduit to the lake having a capacity of 15,000,000 gallons per day, for the purpose of furnishing the city with an additional supply of water, and when constructed and put in operation it will largely diminish the flow of water in Honeoye creek. During the year 1877 the city of Rochester erected a bulkhead and gates at the foot of Canadice lake, by means of which the waters can be artificially drawn down about eight feet below the low-water mark, and during the dry portions of the year the water of Canadice lake has been used through the bulkheads and gates for the purpose of maintaining the usual flow of water in the stream.

It is contended on behalf of the appellant that the trial court should have dismissed the plaintiff's complaint for the reason that she had failed to show any pecuniary damage. This question has already received some attention in the courts. In the case of *Smith* v. *City of Rochester* (92 N. Y. 463) an action was brought by a riparian owner similarly situated to the plaintiff in this action, to enjoin the defendant from diverting the waters of the same lake. In that case the trial court held that the city was entitled to the waters under a grant from the state, and that the plaintiffs could not maintain their action. The case came to this court and the judg-

ment was reversed.  RUGER, Ch. J., in delivering the opinion
of the court, says : " Evidence was given to support the theory
that the improvements made by the defendant in the outlets
of Canadice and Hemlock lakes furnished a more uniform and
constant supply of water to the plaintiff's mills than before
existed.   It was claimed from this fact that they were, there-
fore, uninjured by the alleged diversion of water.   No express
finding upon this issue was made by the court below, and no
grounds for its consideration here are now presented.   The
evidence upon the issue was conflicting, and we have no means
of determining the question of fact involved.   Upon pro-
ceedings being taken to condemn this property by the city of
Rochester, such a consideration would have great weight in
determining the extent of the injuries to the plaintiff's property,
occasioned by an unlawful interference with their water privi-
leges, and it might bear also upon the question of the propriety
of an injunction herein, but it is altogether in its present aspect,
a question for the consideration of the court below.   The evi-
dence in this case tended to show that the plaintiffs were
injured by the act of the defendant in diverting the water of
Honeoye creek, which had theretofore been accustomed to flow
in its channel to the benefit of the mill owners on that stream.
This court must assume that some damage occurred to the
parties who were illegally deprived of their property.   The
extent of this injury has not been tried and determined."
That case was then sent back for a new trial which took place
at the Special Term before Justice RUMSEY.   The facts were
agreed upon and submitted to the trial judge, from which it
appeared that the water flowing through the creek was suffi-
cient for the plaintiffs' use in the propelling of their mills,
except during the dry season, and that during the dry weather
they had been furnished with a flow of water from Canadice
lake by means of the bulkhead and gates with a more uniform
supply of water than by the natural flow of water, but it was
also agreed that " The defendant's conduit will enable it to
draw 9,293,000 gallons per day if the supply at the foot of the
lake will hold out, and that the entire natural outflow of Hem-

lock lake in seasons of low water is not more than two or three million gallons per day; of Canadice lake sometimes less than that, and that the entire body of water in Honeoye creek at the points occupied by the plaintiffs' mills and manufactories at such seasons is sometimes as low as 10,000,000 gallons per day." The trial judge in that case wrote an opinion, in which he discussed the question at some length, as to the right of the plaintiffs to maintain an action of this character in equity for an injunction without showing that they were damaged. He decided the case in favor of the plaintiffs, and this judgment was affirmed in the General Term upon the opinion of the Special Term, one of the members of the court dissenting. (38 Hun, 612.) In this court the judgment was affirmed, without an opinion. (104 N. Y. 674.)

It will be observed that, under the facts agreed upon, it might have been held that the plaintiffs would, in the future, suffer damages during the dry seasons of the year from the abstraction from the lake of an amount of water exceeding its entire daily output, and this court might have affirmed the judgment upon that ground. In view of the remarks occurring in the opinion of RUGER, Ch. J., when the case was first under consideration in this court, and of the fact that the court, in affirming the judgment, did not see fit to place its judgment upon the opinion below, we are inclined to the view that the question may be regarded as still open for consideration in this court. But we do not think it is presented by this record. The court has found as a fact that the bulkhead and gates at Canadice lake are under the control of the defendant, and that unless a supply of water was obtained from Canadice lake the flow of water upon the plaintiff's premises would, during the dry periods of the year, be much less than it was prior to the construction of the first conduit; that by reason of the construction of the conduit the flow of water through the creek has been largely diminished, especially during the dry season of the year, and the plaintiff has been deprived of the use of the water which would otherwise have flowed in the creek upon and over her premises; that upon the comple-

tion of the new conduit the flow of water through the creek will, at times during the dry season, be so great as to exceed the entire output of the waters of the creek, and that then plaintiff will not have sufficient water to operate her mill. The supplying of water from Canadice lake is a gratuitous act on the part of the city, and the plaintiff has no legal right to compel its continuance. We think it sufficiently appears from these findings that the plaintiff will suffer damage in the construction and operation of the new conduit, and if so this action can be maintained.

The judgment should, therefore, be affirmed, with costs.

All concur.

Judgment affirmed.