In the Matter of HARRIET W. GEHR, Appellant, against BOARD OF EDUCATION OF THE CITY OF YONKERS et al., Respondents.

Argued October 6, 1952; decided October 16, 1952.

*John L. Class* for appellant.  I. The court decided originally to grant claimant's motion.  After study of the testimony taken at the reference, the court indicated that it was of the same opinion on the merits.  The court's independent judgment thus continuing in favor of granting claimant's motion, it was an abuse of discretion for the court to set aside its own convictions.  (*Matter of Superintendent of Banks [Goldsmith]*, 207 N. Y. 11; *Ferguson* v. *Ferguson*, 271 App. Div. 976.)  II. The court's decision contains ample findings to entitle claimant to the relief sought.  Where there are conflicting findings, appellant is entitled to the benefit of those most favorable to her cause.  (*Moller* v. *Pickard*, 232 N. Y. 271.)  III. The Referee's report is based upon the erroneous legal theory that a claimant's delay in serving her claim must be due " *solely* " to her mental and physical disability, to justify granting her relief.  The only reasonable interpretation that can be given to the statute is that

the delay in serving must be due " *in any substantial degree* " to the fact of mental or physical incapacity. (*Matter of Hogan v. City of Cohoes,* 279 App. Div. 282.) IV. The mental incapacity contemplated by the statute (General Municipal Law, § 50-e, subd. 5) can reasonably only be held to mean inability to initiate ideas and projects in protection of one's interests under the statute. In claimant's case there was a definite impairment of those mental processes which are prerequisite to planned initiative. V. The order appealed from can only be justified by placing the unreasonable construction on the statute that it requires an " absolute mental incapacity at all times during the ninety-day period to excuse a failure to file a timely notice of claim ". (*Matter of Huntley v. City of Albany,* 201 Misc. 426.)

*J. Raymond Hannon, Corporation Counsel (John Preston Phillips* of counsel), for respondents. I. Upon the facts as found by the Official Referee, confirmed by Special Term and affirmed by the Appellate Division, claimant's motion was properly denied. (Education Law, § 3813, subd. 2; Second Class Cities Law, § 244; *Matter of Donovan v. Board of Educ., Peekskill,* 277 App. Div. 904, 301 N. Y. 739; *Matter of De Crescenzo v. City of New York,* 274 App. Div. 889; *Matter of Kesdan v. City of New York,* 273 App. Div. 1020; *Matter of Auricchio v. City of New York,* 272 App. Div. 1067, 299 N. Y. 607; *Matter of Haas v. Incorporated Vil. of Cedarhurst,* 272 App. Div. 1031, 298 N. Y. 757; *Matter of Sullivan v. Town of Babylon,* 277 App. Div. 791, 302 N. Y. 609; *Matter of Fabricant v. City of New York,* 273 App. Div. 975, 298 N. Y. 818; *Matter of Figueroa v. City of New York,* 279 App. Div. 771.) II. Receipt of the original report of the accident within five days thereafter does not aid appellant. (*Matter of Brown v. Trustees, Hamptonburg School Dist.,* 303 N. Y. 484; *Weisman v. City of New York,* 219 N. Y. 178; *Ponsrok v. City of Yonkers,* 254 N. Y. 91; *Fellmeth v. City of Yonkers,* 222 App. Div. 815.) III. There was no abuse of discretion by Special Term. IV. There is no conflict in the findings of fact. (*Moller v. Pickard,* 232 N. Y. 271.) V. Appellant's delay in filing was due to reasons other than mental or physical incapacity. (*Derlicka v. Leo,* 259 App. Div. 607, 284 N. Y. 711; *Parsons v. Village of Dannemora,* 275 App. Div. 738;

*Olian* v. *City of New York*, 271 App. Div. 1029; *Matter of Hogan* v. *City of Cohoes*, 279 App. Div. 282; *Matter of Nori* v. *City of Yonkers*, 274 App. Div. 545, 300 N. Y. 632.) VI. Claimant was not mentally incapacitated during the period of ninety days after the accident. VII. The order appealed from was founded upon the only reasonable construction of the statute.

FROESSEL, J. Appellant, a teacher in Longfellow Junior High School of Yonkers, aged fifty-two years, claims that on September 8, 1950, as she walked across the front of her classroom, she fell, due to the negligence of respondents in creating a dangerous and unsafe condition. In consequence thereof she sustained, as Special Term found, a fracture of the skull and a severe concussion of the brain involving serious brain damage, resulting in double vision, numbness and facial paralysis, impaired memory and inability to concentrate. A physician, in the employ of defendant board, did not note the fracture, and indeed did not think her condition was serious, though he conceded claimant's " memory wasn't too certain at that time." Two or three weeks later, her true injuries were discovered by other physicians after X rays were taken and a spinal tap was made. She was then confined to a hospital for nearly six weeks and to a convalescent home for nearly four weeks.

In this proceeding under section 50-e of the General Municipal Law, for permission to serve a proposed notice of claim and intention to sue after the expiration of the ninety-day period, Special Term at first stated it would grant the application " unless respondent stipulates to pay all reasonable expense of the production of petitioner's witnesses " before an Official Referee. Having so stipulated, the matter was referred to an Official Referee to hear and *report*. Upon the coming in of said report, in which the Referee stated that neither on the facts nor on the law can it be held that petitioner's failure to serve the required notice within the ninety-day period was due " solely " to her disability, Special Term made findings — which have support in the record — quite different from and at variance with those made by the Official Referee. Nevertheless, instead of exercising its own discretion in the light of its own contrary findings, the court deferred to the recom-

mendation of the Official Referee, based on findings with which the court disagreed.

A majority of the Appellate Division, in affirming without opinion, did not disturb the findings of Special Term; the minority voted for reversal and the granting of claimant's application.

The Referee's report was of course in no way binding upon Special Term but was merely " to inform the conscience of the court " (*Bannon* v. *Bannon*, 270 N. Y. 484, 493). The discretion should be exercised by the court itself (§ 50-e, subd. 5).

The orders should be reversed, with costs in all courts to abide the event, and the matter remitted to Special Term for further proceedings not inconsistent with this opinion.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Orders reversed, etc.