■ In the Matter of BERNARD L. BROOME, an Attorney, Respondent. DENIS M. HURLEY, Petitioner.— In this disciplinary proceeding against an attorney, this court made an order referring the issues to a Special Referee for hearing and report. In accordance therewith, hearings were conducted by the Special Referee, following which the Referee submitted his written report to this court, dated August 18, 1960. Petitioner now moves to confirm the Referee's report. The charges against respondent were set forth in the petition upon which the proceeding had been commenced. The Referee's report states that certain of the charges were sustained by the evidence, and recommends that respondent be disbarred and his name stricken from the roll of attorneys. At the outset of the hearings before the Referee, respondent moved that the Referee disqualify himself on the ground that he was prejudiced against him. The Referee denied the motion; thereupon respondent and his attorney declined to participate further in the hearings, and respondent refused to testify as to the facts concerning the charges. They took the position that their participation in the hearings and the giving of testimony by respondent would constitute a waiver of the claim of prejudice. That position was not correct. Respondent could have participated fully in the proceeding without suffering such waiver, for he had preserved his rights by making the above-mentioned motion for disqualification (cf. *People* v. *Kohl*, 17 Misc 2d 320; *People* v. *McDonald*, 8 Misc 2d 50; 73 A. L. R. 2d, p. 1262 *et seq.*; 144 A. L. R. p. 1217 *et seq.*). In any event, the Referee's report is in no way binding upon the court, which must itself determine whether or not the charges have been sustained (see Judiciary Law, § 90; cf. *Matter of Gehr* v. *Board of Educ.*, 304 N. Y. 436; *Bannon* v. *Bannon*, 270 N. Y. 484, 492, 493). We have carefully examined the minutes of the hearings and the exhibits which were received in evidence. Based on our independent examination of the record, we have reached the conclusion that certain of the charges have been established, and that respondent should be disbarred. The Referee reported that each charge on which proof was submitted was sustained by the proof, and that respondent was guilty of certain other acts or conduct which were no part of the charges. We are not in agreement with him that all those charges were established. In our view, charges E, F, H and M and that part of charge A accusing respondent of employing intermediaries to solicit retainers to perform legal services were established. In general, the proof on these charges was so clearly against respondent, that the conclusion is inescapable that respondent must have known that these charges were indefensible. The proof clearly showed that respondent had given a $2,000 check to a person who had referred certain injured claimants to respondent for handling their cases (part of charge A); had entered into an arrangement with another attorney, with whom he shared office quarters, to divide between themselves representation of separate claimants whose interests were conflicting, and the carrying out of that arrangement, including the maintenance of a running financial account between themselves (charge F); had deceived this court in a certain statement of retainer filed in this court, by describing the said other attorney as the person who had referred the subject case to him as merely "a personal friend" (charge E); had indorsed the signature of a client on a check, without authorization (charge H); and had repeatedly refused to answer questions as a witness before the Additional Special Term of the Supreme Court on the ground his answers might tend to incriminate him (charge M). Further,

the fact that respondent refused to give testimony or present evidence before the Special Referee in defense of the charges is of particular significance. As was written by the Appellate Division for the First Judicial Department recently in *Matter of Wysell* (10 A D 2d 199, 202): "Disciplinary proceedings are not criminal proceedings, and the 'refusal to testify raises the legal presumption of the truth of these facts, which must have been known to defendant, and which he failed to contradict'. (*Matter of Association of the Bar of the City of N. Y.* v. *Randel*, 158 N. Y. 216, 219.) For '[i]f there was any possible statement that the defendant could have made, calculated to explain his conduct and relieve himself from the serious consequences of the facts as disclosed by this record, he should have taken the stand, made a full statement and submitted himself to cross-examination'. (*Matter of Association of the Bar of the City of N. Y.* v. *Randel, supra*, p. 221.)" The motion to confirm the report is granted to the extent of: (1) the Referee's findings that charges E, F, H and M were sustained; (2) the Referee's finding that the portion of charge A, to the effect that respondent employed intermediaries to solicit retainers to perform legal services, was sustained; and (3) the Referee's recommendation that respondent be disbarred. Said motion is otherwise denied. Accordingly, respondent is disbarred and his name stricken from the roll of attorneys. Motion by respondent for leave to appeal to the Court of Appeals from an intermediate order, dated December 27, 1960, made by this court, denied. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.