■ ROSEMARY VAN PELT, Appellant, v RICHARD VAN PELT, Defendant, and ADELINE VAN PELT, Nonparty-Respondent.—In a matrimonial action, the plaintiff wife appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated September 29, 1989, which granted the nonparty-respondent's motion to direct that the judgment of divorce be entered nunc pro tunc as of January 20, 1988.

Ordered that the order is affirmed, with costs.

In this matrimonial action, the Supreme Court, on January 20, 1988, upon the uncontested withdrawal of the defendant husband's answer and after an inquest on the plaintiff first wife's complaint, stated that a "judgment of divorce [is] granted" to the first wife and directed the parties to submit separate findings of fact, conclusions of law, judgment and minutes on notice. Before the judgment of divorce was signed on March 31, 1988, the husband married the second wife on February 10, 1988.

The husband died on December 27, 1988. By letter dated May 1, 1989, the Social Security Administration advised the second wife that she was not entitled to Social Security benefits as the husband's widow because her marriage to the husband was void, in that her "husband's prior marriage had not ended when [she] married him".

The second wife moved in the divorce action to have the judgment dated March 31, 1988, amended nunc pro tunc so as to provide that it became effective as of January 20, 1988. Contrary to the first wife's contention, the second wife, although not a party to the divorce action, had standing to make the motion (see, Johnson v Johnson, 198 Misc 691, 695, affd 277 App Div 1143).

It is clear that the trial court rendered its determination on January 20, 1988, and the entry of the final judgment of divorce on March 31, 1988, constituted nothing more than a mere formality or ministerial act. Therefore, the second wife's application being meritorious, the court properly amended the judgment of divorce nunc pro tunc (see, Lynch v Lynch, 13 NY2d 615; Cornell v Cornell, 7 NY2d 164; Jayson v Jayson, 54 AD2d 687; Johnson v Johnson, 277 App Div 1143; see generally, Annotation, Divorce—Decree Nunc Pro Tunc, 19 ALR3d 648). We note that the amendment of the judgment nunc pro tunc does not interfere with the vested rights of the first wife's son since regardless of the second wife's status as the

husband's widow, the son is still entitled to his fair share of Social Security benefits as the surviving child of the husband. Sullivan, J. P., Eiber, Rosenblatt and Ritter, JJ., concur.