■ LOUISE BROWN, Appellant, v CLARENCE BROWN, Respondent. [617 NYS2d 48] —In a matrimonial action, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered January 22, 1993, which denied her motion, in effect, to vacate the parties' judgment of divorce.

Ordered that the order is affirmed, with costs.

This matrimonial action was commenced in or about February 1985. On March 14, 1986, the parties entered into a stipulation of settlement and the Supreme Court granted the parties a divorce and directed the submission of a proposed judgment. The defendant died on April 28, 1986. The proposed judgment was subsequently submitted to the court by the plaintiff's attorney and signed on June 27, 1986.

In November 1992, the plaintiff moved, in effect, to vacate the judgment of divorce, in part, because it had been entered after the defendant's death. This issue had been decided unfavorably against the plaintiff in a prior, separate proceeding in Surrogate's Court, Westchester County, and thus the plaintiff was collaterally estopped from challenging the judgment *(see, Gilberg v Barbieri,* 53 NY2d 285, 291-292; *Matter of Janet L.,* 200 AD2d 801; *cf., Community Natl. Bank & Trust Co. v Wisan,* 185 AD2d 870).

In any event, the entry of the judgment of divorce was a mere ministerial act. Thus, the Supreme Court properly denied the plaintiff's application to vacate that judgment *(see, Lynch v Lynch,* 13 NY2d 615; *Cornell v Cornell,* 7 NY2d 164; *Van Pelt v Van Pelt,* 172 AD2d 659; *Jayson v Jayson,* 54 AD2d 687; Siegel, NY Prac § 186, at 279 [2d ed]).

Under the particular facts of this case, the plaintiff's remaining contention is without merit. Miller, J. P., Joy, Altman and Goldstein, JJ., concur.