■ In the Matter of the Estate of JOSEPH S. FORGIONE, Deceased. CHRISTIE FORGIONE, Appellant; LINDA F. FORGIONE, Respondent. [655 NYS2d 552] —In a proceeding pursuant to SCPA article 10 to obtain letters of administration for the estate of Joseph S. Forgione, the petitioner Christie Forgione appeals, as limited by her brief, from so much of a decree of the Surrogate's Court, Queens County (Nahman, S.), dated January 18, 1996, as granted the motion of the objectant Linda Ferrara Forgione for summary judgment sustaining her first objection to the petition, decreed that the objectant was the decedent's surviving spouse, and appointed the objectant administrator of the decedent's estate.

Ordered that the decree is affirmed insofar as appealed from, with costs payable by the appellant personally.

Contrary to the petitioner's contention, the Surrogate correctly determined that the decedent died prior to the entry of a final judgment of divorce, and that the objectant Linda Ferrara Forgione is thus the decedent's surviving spouse (see, EPTL 5-1.2). Where, as here, a decedent dies during the pendency of a divorce action, the action abates because the marital relationship between the parties no longer exists (see, e.g., Forgione v Forgione, 231 AD2d 603; see also, Matter of Alfieri, 203 AD2d 562; Sperber v Schwartz, 139 AD2d 640). Although an exception to this rule exists where the court has made a final adjudication of divorce but has not performed "the mere ministerial act of entering the final judgment" (Cornell v Cornell, 7 NY2d 164, 170; see also, Brown v Brown, 208 AD2d 485; Van Pelt v Van Pelt, 172 AD2d 659), the record does not support the petitioner's claim that this exception is applicable in this matter. To the contrary, the Judicial Hearing Officer who presided over the decedent's matrimonial action expressly advised the parties that no judgment of divorce would be signed until all of the issues referred to him had been resolved. Since the decedent died before the matrimonial hearing could be completed and all issues resolved, entry of a judgment of divorce cannot be considered a mere ministerial act (see, Turano, 1996 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 17B, EPTL 5-1.2, 1997 Pocket Part, at 34; cf., Brown v Brown, supra; Van Pelt v Van Pelt, supra). Bracken, J. P., O'Brien, Krausman and Goldstein, JJ., concur.