OPINION OF THE COURT
Alfred J. Weiner, J.
*1067 This is an action for divorce. Defendant now seeks an order declaring that this action has abated by reason of plaintiffs death. Plaintiffs attorneys contend that a divorce was previously granted by the court and now seek a judgment of divorce nunc pro tunc.
On January 11, 1996 the parties entered into a stipulation of settlement on the record before the court. A condition of the stipulation was that the parties’ child, Madeline, eight years old, would be the beneficiary of a $1,000,000 trust to be created in exchange for the child’s renunciation of any remainder interests she had in any existing trusts and real property. A guardian ad litem who was appointed would conduct an investigation to ascertain the value of those remainder interests and make recommendations to the court as to whether it was in the child’s best interests to create the trust and allow the renunciation. If the guardian ad litem recommended approval and it was approved by the court, then he would make an application to be appointed guardian of the child’s property to effectuate the renunciation and manage her property. The court would retain continuing jurisdiction of this matter awaiting the report of the guardian ad litem so that this proceeding could be concluded.
Defendant then withdrew his answer, an inquest was held and plaintiff was granted a divorce based upon the ground of constructive abandonment. It was further agreed that the judgment would not be entered until confirmation of the stipulation. Plaintiff subsequently died on September 5, 1996.
The guardian ad litem completed his investigation and submitted his report dated February 24, 1998. He recommended against creation of the $1,000,000 trust in exchange for the renunciation of the child’s interest in the trusts and real property since the actual value of the child’s interests was significantly greater than the amount of the proposed trust.
Defendant now contends that the creation of the trust in exchange for the child’s renunciation was a condition precedent to the entry of a judgment of divorce. Since the condition has not been met this action abated upon plaintiff’s death. Plaintiffs attorneys contend that the court previously granted the judgment of divorce unconditionally and, therefore, the entry of that judgment nunc pro tunc is purely a ministerial act.
A stipulation made in open court and read into the record is enforceable as a contract binding on the parties thereto and is governed by general contract principles for its interpretation *1068 and effect. (State of New York v Warren Bros. Co., 190 AD2d 728; Baumis v General Motors Corp., 117 AD2d 884.) The court has the responsibility of effectuating the true intent of the parties similar to a matter where the parties seek enforcement of a contract. (Furgang v Epstein, 106 AD2d 609.) Therefore, the court will construe a stipulation in accordance with the intent of the parties and the purpose of the stipulation by examining the record as a whole. (Kraker v Roll, 100 AD2d 424.)
A condition may be precedent to an obligation to perform a contract. (Merritt Plumbing Corp. v City of New York, 121 AD2d 990.) To make a provision in an agreement a condition precedent, it must appear from the agreement itself that the parties intended the provision to so operate. (David Fanarof, Inc. v Dember Constr. Corp., 195 AD2d 346.)
Where a decedent dies during the pendency of a divorce action, the action abates because the marital relationship between the parties no longer exists. (Matter of Forgione, 237 AD2d 438.) An exception to this rule exists where the court has made a final adjudication of divorce but has not performed the mere ministerial act of entering the final judgment. (Cornell v Cornell, 7 NY2d 164; Brown v Brown, 208 AD2d 485.)
Upon review of the stipulation, the court finds that it was the intent of the parties that the proposed creation of the trust and renunciations was conditioned upon the guardian ad litem’s recommendation and court approval and that the judgment of divorce could not be effective until that condition had been met. Since the guardian ad litem’s recommendation and court approval were not obtained, the entry of a judgment of divorce cannot be considered a mere ministerial act.
Accordingly, the parties are not entitled to a judgment of divorce and there is an abatement of this action. Therefore, defendant’s motion is granted and plaintiff’s cross motion is denied.