OPINION OF THE COURT
Barbara Howe, J.
Plaintiff and defendant David Briggs (hereafter decedent) were married in 1992. In June 1998, plaintiff commenced this action for divorce. On or about November 24,1998, the plaintiff and decedent entered into a written separation and settlement *198 agreement, which purports to resolve all economic and other issues between them. Plaintiff and defendant were each separately represented by counsel, and the agreement was executed in a manner that would entitle a deed to be recorded.
On November 24, 1998, plaintiff appeared in open court with her attorney, and decedent’s attorney was present as well. A matrimonial Referee presided over the proceedings, in which a formal written consent to withdraw, signed by decedent, was marked into evidence, together with the written separation and settlement agreement. Sworn testimony was then taken from plaintiff in a default posture on the issue of grounds. At the conclusion of the proceedings, the matrimonial Referee stated as follows: “the referee: All right. Thank you very much. Based upon the testimony presented to the Court today I’m going to recommend to Justice Howe that a judgment of divorce be granted to the plaintiff against the defendant on the ground of cruelty. I’m further going to recommend to Justice Howe that the parties’ written separation and settlement agreement, which has been marked into evidence today as Court Exhibit Number 1, shall be incorporated by reference into the judgment of divorce. It will not be merged therein and it will survive the same. Finally, I’m going to recommend to Justice Howe that the plaintiff shall have the right to resume the use of her maiden name if she so chooses.” (Transcript of proceedings, Nov. 24, 1998, at 5-6.)
On December 5, 1998, David Briggs died, and his daughter from his first marriage, Stacy Rominger, was granted preliminary letters testamentary on January 26, 1999 in Erie County Surrogate’s Court. Rominger has been added as a party-defendant to this action. •
By order to show cause granted by this court on February 16, 1999, Rominger asks that this court now execute her proposed judgment of divorce in this action, and thereafter grant an order compelling plaintiff’s compliance with various terms of the separation and settlement agreement. Plaintiff vigorously opposes all branches of the motion.
It is settled that “[w]here, as here, a decedent dies during the pendency of a divorce action, the action abates because the marital relationship between the parties no longer exists (see, e.g., Forgione v Forgione, 231 AD2d 603; see also, Matter of Alfieri, 203 AD2d 562; Sperber v Schwartz, 139 AD2d 640) * * * [A]n exception to this rule exists where the court has made a final adjudication of divorce but has not performed ‘the mere ministerial act of entering the final judgment’ (Cornell v *199 Cornell, 7 NY2d 164, 170; see also, Brown v Brown, 208 AD2d 485; VanPelt v VanPelt, 172 AD2d 659)” (Matter of Forgione, 237 AD2d 438). Here, the parties are in accord in acknowledging the force of these principles, but they disagree as to whether execution of the proposed divorce judgment is a “mere ministerial act” (Cornell v Cornell, 7 NY2d 164, 170).
Rominger contends that, “[f]or all intents and purposes, the briggs divorce matter was completed at proceedings conducted before the Matrimonial Referee on November 24, 1998 * * * [A] 11 issues related to the disposition of the parties’ property were resolved by them in their Separation Agreement. All that remained after November 24, 1998, was the Court’s execution of the Judgment and the Referee’s execution of his Report. The brigg’s matter could no longer be classified as a pending action. The parties, by virtue of their Separation Agreement, had resolved all their issues. All that remained was completing the simple ministerial act of entering the Judgment.”
Plaintiff, on the other hand, urges that “there is a difference between the powers of a sitting judge and those of a Matrimonial Referee. Despite the ability of a referee to hear, report and/or recommend on certain matters, there are specific parameters placed on the[] role. It is the job of a Q]udge to review matters presented before the referee and to make the ultimate determination in the case. It would be an abdication of duty for a judge to merely ‘rubber stamp’ the Judgment in any pending matter without proper review.”
For the reasons which follow, I find that plaintiff has the better of the argument, and I conclude (1) that this action abated on December 5, 1998 with decedent’s death, (2) that execution of the proposed divorce judgment would not be a mere ministerial act, and (3) that this court no longer has any power or authority to pass upon any of the ancillary issues raised by the parties concerning the separation and settlement agreement.
The matrimonial Referee who handled the November 24, 1998 court proceedings in this case was vested only with the power to hear and report. He had no power to make ultimate determinations. As our Appellate Division said many years ago in Barnum v Goes (240 App Div 803): “We construe the order of reference to be one to take proof and report and not to vest in the referee any power to make a determination upon a question of fact or law. The findings of fact and conclusions of law to be reported, therefore, are merely for the assistance of the judge in hearing and determining the matter”.
The holding in Barnum (supra) was echoed later by our Court of Appeals in Gehr v Board of Educ. (304 NY 436, 440), when *200 it had occasion to consider the effect of the findings of a Referee who had been appointed to hear and report: “The Referee’s report was of course in no way binding upon Special Term but was merely ‘to inform the conscience of the court’, Bannon v. Bannon, 270 N. Y. 484, 493.” (Cf. also, Matter of Broome, 13 AD2d 657.)
The matrimonial Referee’s report in this case — which would, of course, be denominated as findings of fact and conclusions of law {cf., Uniform Rules for Trial Cts [22 NYCRR] § 202.50)— would, therefore, be advisory only and would not bind this court to its findings and conclusions. Thus, execution of a proposed divorce judgment upon the Referee’s findings and conclusions would clearly not be a mere ministerial act. Rather, it would require the exercise of independent review and final determination by this court as to all matters encompassed within the proposed judgment.
Because this court’s review and final determination of the issues raised by this action had not occurred by December 5, 1998, when decedent died, the action abated upon his death and judgment may not now be entered. And, because this court’s jurisdiction over the matter effectively terminated on December 5, 1998, I may not pass upon any of the ancillary issues raised by the parties.