OPINION OF THE COURT
John A. Fusco, S.
This is a proceeding for the judicial construction of paragraph second of subsection (a) of the last will and testament of Giuseppe Mirizzi, who died a domiciliary of Richmond County on July 26, 2000.
*482 Decedent’s last will and testament dated February 15, 2000 was duly admitted to probate by this court on October 19, 2000, and letters testamentary were issued to decedent’s son, Giovanni S. Mirizzi. Said letters were limited to the marshaling of estate assets and the payment of administration expenses with no distribution of assets permitted pending the further order of this court.
In this proceeding, petitioner, Giovanni S. Mirizzi, seeks a construction of subsection (a) of paragraph second of the within will which reads as follows:
“I hereby give, bequeath and devise my estate as follows: (a) to my wife Sonia Mirizzi, an amount equal to her personal right of election under New York’s Estates, Powers and Trusts Law (EPTL), provided however, that should EPTL be amended to allow a spouse’s elective share of an estate to be placed in trust under which upon the spouse’s death all or some of the corpus shall go to a person the testator names in his last will and testament, then my wife’s elective share shall go into such a trust and upon her death the remainder of the trust shall go to my son, Giovanni Mirizzi.”
Petitioner contends that this bequest is inoperative inasmuch as the decedent had divorced Sonia Mirizzi prior to his death. Furthermore, petitioner contends that the decedent and Sonia Mirizzi entered into a written stipulation of settlement dated May 13, 1999 wherein Sonia Mirizzi waived any right to share in the decedent’s estate. For these reasons, petitioner urges the court to construe the will to invalidate the respondent’s bequest.
Respondent contends that she is the surviving spouse inasmuch as she and the decedent were not divorced at the time of his death. Furthermore, she contends that the settlement agreement provided for a general waiver of her rights against the estate of the decedent, but that she did not specifically waive any testamentary disposition she might otherwise receive. She therefore urges the court to confirm her bequest under the will of Giuseppe Mirizzi.
The relevant facts are as follows and are not in dispute. The decedent, Giuseppe Mirizzi, commenced an action of divorce against his wife, Sonia Mirizzi, on October 13, 1999, after less than five years of marriage. On February 15, 2000, four months after the divorce proceeding was commenced and while it was still pending, decedent executed a will leaving the respondent *483 herein an amount of money “equal to her personal right of election under New York’s Estates, Powers and Trusts Law” as set forth above in subsection (a) of paragraph second of said will.
Decedent and Sonia Mirizzi resolved the matrimonial action by stipulation in open court on March 16, 2000. On that date the parties agreed that decedent would pay $15,000 to respondent upon her vacating the marital home. Decedent also agreed to pay respondent $300 per month for one year commencing the date she left the marital home. The $15,000 payment was made to Sonia Mirizzi and the $3,600 is being held in escrow pending the resolution of this matter. This agreement was to be memorialized in a written stipulation and the judgment of divorce was to he based on the terms stated in open court and repeated in the stipulation of settlement.
The parties signed and acknowledged the written stipulation of settlement dated May 19, 2000. On June 13, 2000, Sonia Mirizzi’s attorney served on the proper parties and filed with the court the findings of fact and conclusions of law and judgment of divorce, together with the dissolution document requested by the New York City Health Department. The settlement date was June 26, 2000 and no counter documents were submitted. Giuseppe Mirizzi died on July 26, 2000, before the judgment of divorce was signed.
Subsequently, the attorneys for Sonia Mirizzi, by letters dated August 31, 2000 and September 7, 2000, advised the Judge in the matrimonial action that Giuseppe Mirizzi had died and requested that she not enter judgment of divorce which had not as yet been signed, more than two months after the settlement date. The judgment of divorce was never signed which resulted in this application for construction to invalidate the bequest under the will.
The law is well settled in this jurisdiction that where a decedent dies during the pendency of a divorce action, the action abates because the marital relationship between the parties no longer exists. (Matter of Forgione, 237 AD2d 438.) An exception to this rule, however, exists where the court has made a final adjudication of divorce but has not performed the mere ministerial act of entering the final judgment. (Cornell v Cornell, 7 NY2d 164; Brown v Brown, 208 AD2d 485.)
The respondent cites Briggs v Briggs (181 Misc 2d 197) and Lynch v Lynch (178 Misc 2d 1066) as but two examples where the failure to sign a judgment of divorce was not merely a ministerial act. However, a careful reading of both cases discloses that the facts therein are clearly distinguishable from the instant proceeding.
*484 In Briggs, the Matrimonial Referee who handled the court proceedings was vested only with the power to hear and report. He had no power to make ultimate determinations and his report would then be advisory only, and could not bind the court to its findings and conclusions. As the court pointed out in Briggs (at 200):
“execution of a proposed divorce judgment upon the Referee’s findings and conclusions would clearly not be a mere ministerial act. Rather, it would require the exercise of independent review and final determination by [the] court as to all matters encompassed within the proposed judgement.”
Likewise, in Lynch, the judgment of divorce was made conditional upon the recommendation of a guardian ad litem and court approval. Since the guardian ad litem’s recommendation and court approval were not obtained before death, the entry of a judgment of divorce could not be considered a mere ministerial act. In both cases cited there existed conditions not satisfied prior to the decedent’s death. Therefore, those proceedings were not pending finalization awaiting the mere ministerial act of signing the judgment.
Here, however, the parties settled their differences not before a Referee, but before a Judge. They acknowledged to the Judge that there existed grounds for divorce and that they had fully resolved all issues. They spread their agreement on the record in open court, and it was subsequently memorialized in writing. There remained nothing to be determined by the Judge since all issues had been settled by their agreement before the Judge. This was confirmed on the record by the parties, as well as their counsel. The only action left to finalize the divorce was the mere ministerial act of signing the judgment of divorce along with the findings of fact and conclusions of law.
On June 13, 2000, counsel for Mrs. Mirizzi submitted the judgment of divorce with notice of settlement for the Judge’s signature on June 26, 2000. Notwithstanding the settlement date, however, the judgment was not signed on June 26, 2000. Nor had it been signed by September 2000 when counsel for Mrs. Mirizzi advised the court of Mr. Mirizzi’s death and requested that the court not enter judgment. In fact, the judgment for divorce, although settled for June 26, 2000, was never signed.
The failure of the court in not signing the unopposed judgment of divorce in a timely fashion can be attributed only to the failure of the system as established in the Matrimonial *485 Part of the Supreme Court. It is inexcusable that a judgment duly accepted by the court can languish for weeks and months beyond the settlement date without being presented for signature to the Judge, or without having any action taken with reference to the documents
This court finds that, as in Brown v Brown (supra), the issues in the divorce action herein had been fully resolved before the Judge and the entry of judgment of divorce was a mere ministerial act. It is the determination of the court that the parties herein were divorced and that the respondent is not a surviving spouse and cannot inherit as such.
Furthermore, the court finds that even if the parties were not divorced, the bequest to Mrs. Mirizzi under paragraph second of the will would be ineffective in light of her contractual obligations under the stipulation of settlement. Inasmuch as Mrs. Mirizzi waived her right to elect against the will in said agreement, the bequest to her of an amount equal to her right of election is without any value. The stipulation did not merge with the proposed judgment but survived the same as a separate and independent valid agreement between the parties.
Accordingly, upon all of the papers heretofore submitted herein, and pursuant to EPTL 5-1.2 (a) (1) and 5-1.4 (a), as well as paragraph second of the last will and testament of Giuseppe Mirizzi, the petition of Giovanni S. Mirizzi is hereby granted and Sonia Mirizzi is found to have no right to share in decedent’s estate. The estate of Giuseppe Mirizzi, however, is directed to comply with any outstanding terms of the stipulation of settlement as submitted herein. The limited letters of administration heretofore issued herein are made full and complete and all limitations to said letters are hereby revoked.