■ HENRI HALLINCKX, Respondent, v MERRILL STENBECK, Appellant. [762 NYS2d 903] —In an action for a divorce and ancillary relief, the defendant wife appeals from stated portions of an order of the Supreme Court, Nassau County (Skelos, J.), dated August 27, 2001, which, inter alia, granted the cross motion of the plaintiff's decedent for a determination that the parties' prenuptial agreement bars any equitable distribution of his assets, and to dismiss her second and third counterclaims and fourth and fifth affirmative defenses.

Ordered that on the Court's own motion, Henri Hallinckx, as administrator of the estate of Jan Hugo Stenbeck, is substituted as the party plaintiff in place of the deceased Jan Hugo Stenbeck, and the caption is amended accordingly; and it is further,

Ordered that the appeal is dismissed, with costs.

The plaintiff's decedent commenced this action for divorce in 1999, contending that the parties' prenuptial agreement, as amended, was dispositive of the issues of equitable distribution, spousal maintenance, and child support. Thereafter, the defendant moved to compel financial disclosure and the plaintiff's decedent cross-moved for partial summary judgment as to the enforceability and import of the prenuptial agreement. By order dated August 27, 2001, the Supreme Court determined, inter alia, that the amended prenuptial agreement was enforceable and barred any equitable distribution of the assets of the plaintiff's decedent, and that the defendant was entitled only to limited financial disclosure.

On May 17, 2002, the defendant's appeal from that order was heard by this Court, and on August 19, 2002, the plaintiff's decedent died. It is well-settled that the death of one party to a divorce action prior to judicial determination dissolving the marriage causes the action to abate since the marital relation-

ship between the parties no longer exists (*see Cornell v Cornell,* 7 NY2d 164, 169 [1959]; *Matter of Forgione,* 237 AD2d 438 [1997]; *Sperber v Schwartz,* 139 AD2d 640, 642 [1988]). Accordingly, since the plaintiff died prior to judicial determination dissolving the marriage, the action abated and the appeal must be dismissed (*see Kenzer v Kenzer,* 144 AD2d 439, 440 [1988]). Feuerstein, J.P., Schmidt, Adams and Crane, JJ., concur.