■ CORY McKIBBIN, Appellant, v SUSAN JENKIN, as Preliminary Executor of LINDA McKIBBIN, Deceased, Respondent. [839 NYS2d 166]—

In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated July 12, 2005, as denied his motion to abate the action on the ground that the defendant wife died before entry of the judgment of divorce.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff husband commenced this action for a divorce and ancillary relief in September of 2002. Although the parties entered into stipulations regarding a number of ancillary issues, including custody and visitation of their two children, they submitted a number of contested issues regarding, inter alia, equitable distribution for determination by a Judicial Hearing Officer (hereinafter the JHO). On October 19, 2004 the JHO rendered a written decision on these contested matters which included a provision that the husband would buy out the wife's interest in the marital home. Unexpectedly, however, the defendant wife passed away in April 2005 before the husband's purchase of her interest in the marital residence and before the submission of proposed findings of fact, conclusions of law, and a judgment of divorce.

Where, as here, there is a final adjudication as to the marital relationship, the failure of the prevailing party to submit proposed findings and a proposed judgment of divorce before the death of one of the parties will not impair the ability of the court to issue such a decree nunc pro tunc despite the intervening death of one of the parties, as such action is merely ministerial in nature (*see Cornell v Cornell,* 7 NY2d 164 [1959]; *Brown v Brown,* 208 AD2d 485 [1994]; *Jayson v Jayson,* 54 AD2d 687 [1976]). There is no bona fide dispute that the JHO heard and ruled on all issues raised in the matrimonial action including inter alia, the grounds for dissolution of the marriage. The plaintiff's claim that the valuation of the former marital residence was not finally determined or was erroneously made, even if it were true, has no bearing on the marital status of the parties, which was adjudicated to conclusion and remains unchallenged. Accordingly, the Supreme Court properly denied the plaintiff's motion to abate the action. Schmidt, J.P., Skelos, Lifson and Covello, JJ., concur.