OPINION OF THE COURT
Robert J. Gigante, S.
In this pending proceeding, petitioner, John Kelly, decedent’s son and administrator of his estate, moves for an order granting summary judgment pursuant to CPLR 3212 to confirm the decedent was divorced from the respondent, Donna Gagliano, and to further order the respondent to turn over all assets duly belonging to the estate of the decedent. The movant contends the assets to be returned to the estate include proceeds from the Federal Employees Group Death Benefit, Federal Employees Life Insurance Policy, a Federal Employees Thrift Savings Plan, hereinafter referred to as TSI] and certain personal items as set forth in the marital settlement agreement. The respondent offers a myriad of opposing arguments which will be discussed below.
Summary judgment should be granted only where it is clear that no triable issue of fact exists (Matter of Goldberg, 180 AD2d 528 [1992]). First, it is necessary for the movant to make a prima facie showing that he or she is entitled to summary judgment as a matter of law (see Zuckerman v City of New York, 49 NY2d 557 [1980]). The objectant opposing summary judgment *738 must then present proof that their claims are real and capable of being established at trial (see Stainless, Inc. v Employers Fire Ins. Co., 69 AD2d 27 [1979]). If there is any doubt as to the existence of a triable issue, the motion for summary judgment must be denied (Hantz v Fishman, 155 AD2d 415 [1989]).
The preliminary issue to be determined is not one of first impression, and has plagued surrogates for many years (see Matter of Mirizzi, 187 Misc 2d 481 [2001]; Matter of Pavese, 195 Misc 2d 1 [2002]). My learned colleague, Surrogate Riordan, quoted an attorney in Matter of Pavese (id. at 2), stating “death may be final, but divorce goes on for eternity.” There are three issues to be determined herein. First, whether the decedent was in fact divorced at the time of his death although a divorce decree had not been signed; second, whether this court has the authority to make a determination regarding federal benefits; and finally, whether the federal death benefits that were paid to the respondent, the named beneficiary, properly belong to her.
Facts
The relevant facts are not in dispute and are as follows. The decedent and the respondent were married on August 25, 1989. The respondent commenced a divorce action in Richmond County Supreme Court on March 3, 2008. The decedent and the respondent were both represented by counsel and entered into a separation and settlement agreement on October 16, 2008. Both the decedent and the respondent were allocated by the judge, who granted their divorce in open court on October 16, 2008. The decedent died on January 7, 2009, and the judgment of divorce was finally signed on March 25, 2009, nunc pro tunc to October 16, 2008.
Arguments
The respondent does not question the validity of the divorce, but argues that this court cannot determine the real issue herein: whether the respondent is entitled to keep the proceeds she received as the named beneficiary under the decedent’s federal entitlements through his employment. The respondent argues that the petitioner did not make a proper motion, did not seek proper relief, did not exhaust his federal remedies, and if proper relief was sought, none should be granted in this court because a determination in favor of the respondent has already been made by a federal agency. The respondent further argues that the summary judgment motion is “premature” because the *739 respondent has not had an opportunity to conduct “further discovery into the actions and past behaviors of the Petitioner and Petitioner’s counsel for purposes of developing her affirmative defenses.” Finally, the respondent argues that the petitioner’s instant application violates the Supremacy Clause in that when federal law conflicts with state law, the federal law controls.
Initially, this court finds that the petitioner did make proper application; originally through a petition filed under SCPA 2103 and then through a motion under CPLR 3212, both of which are proper avenues for the remedies being sought.
Question of Divorce
The first question to be answered is whether the decedent was divorced at the time of his death. This court has already determined that a divorce can be granted without the signing of a judgment of divorce because the signing of the judgment is merely ministerial in nature (Matter of Mirizzi, 187 Misc 2d 481 [2001]). There is ample showing herein that the decedent was divorced at the time of death as per the allocution in open court on October 16, 2008 and the judgment of divorce which was signed on March 25, 2009. Although the signing of the divorce decree occurred after the decedent died, the language of the decree states that the marriage between Donna Gagliano-Kelly and Daniel Kelly is dissolved, nunc pro tunc to October 16, 2008. Based on that information, this court affirms that the decedent was in fact divorced at the time of his death.
Proper Forum
The respondent’s papers focus on whether this court is the proper forum for the pending motion. This court, undeniably, has jurisdiction under the often cited Matter of Piccione (57 NY2d 278 [1982]). The respondent is correct in her analysis regarding the Supremacy Clause and res judicata; however, those arguments are not applicable in the case at bar. The Federal Retirement Thrift Investment Board is a federal agency with its own set of rules and regulations regarding its procedure on payment of benefits. It is not a court of law, but rather a governmental agency charged with carrying out its duties as it deems fit. It has its own rules and regulations as dictated by federal statute. The respondent argues that the “appropriate, and indeed, exclusive avenue for Petitioner’s redress initially lies exclusively in the federal administration processes of the various agencies that made the awards.”
*740 That however, has no hearing on the situation before the court. The respondent was the named beneficiary for decedent’s death benefits. Respondent’s exhibit “A” outlines the TSP Investment Board’s decision and reasoning for not providing the petitioner with the payment of the death benefits and its reasoning for making payment to the respondent; she was simply the named beneficiary. The decedent did not take the proper measures in changing his beneficiary designation and furthermore, the separation agreement did not “specifically mention or make reference to the TSP” as required by its rules and regulations. Therefore, according to the TSP Investment Board, it was legally bound to pay Ms. Gagliano the proceeds of the federal benefits. A similar situation may arise when an individual applies for Social Security disability benefits. That individual, although deemed disabled by the pension board, may not be deemed disabled by the standards of the Social Security Administration. Simply put, different agencies have different standards and the TSP Investment Board’s standards will not be questioned by this court, but will also not be given any consideration in determining whether the funds received by the respondent are or are not part of the estate of Daniel Kelly. That determination lies solely within the jurisdiction of this court, and is not the arbitrary and rigid decision to be made by a governmental agency.
Weight of Separation Agreement
The final issue before us is whether the respondent is entitled to keep the benefits she received as the named beneficiary of the decedent with respect to his federal benefits. To make that determination, we must look at the separation and settlement agreement, a valid document fully representing the demands and expectations made by both parties. The respondent argues that further discovery is needed to develop her affirmative defenses. However, this matter has been on the court’s docket for almost 18 months with no real progress. There is no need to prolong this matter further because the contract entered into by the parties, who were both represented by counsel and allocuted in open court, clearly states their intent with no need to examine extraneous evidence.
The separation and settlement agreement entered into by the decedent and the respondent states under article XV^ “Waivers of Estate Rights”:
“Except as otherwise provided in this agreement, *741 each party may dispose of his or her property in any manner that he or she may deem appropriate. Each party waives, relinquishes, and releases forever any and all rights which he or she may now have or may hereafter acquire under the present or future laws of any jurisdiction to share in the property or estate of the other as a result of the marital relationship of the parties . . . The right of either party to take under any testamentary disposition, including any testamentary substitute, which is presently in effect is likewise waived in all respects and any such preexisting testamentary disposition is hereby revoked by the testator of such will and renounced by the party in whose favor such testamentary devise or bequest has been made.”
Furthermore, article XXVIII of the agreement provides: “The Husband has certain retirement benefits resulting from his employment by the United States Post Office . . . The Wife waives any interest in the Husband’s retirement benefits now and in the future.”
Not surprisingly, the respondent adopts the position of the Federal Retirement Thrift Investment Board regarding the TSP benefits, that the decedent failed to change his designation of the primary beneficiary and thus the Federal Retirement Thrift Plan was mandated to follow the designation which named the respondent. However, this court does not adopt such an interpretation. The decedent and the respondent voluntarily entered into a separation agreement that clearly waived each other’s rights in their respective retirement plans. The intent of the parties, as expressed in their separation agreement, cannot be ignored. Although the decedent failed to change his designation of beneficiary on the required TSP-3 form prior to his death, the intent of the parties must be given great weight.
After having reviewed all of the papers heretofore submitted herein, both in support of the motion and in opposition thereto, and after having heard oral arguments, the court determines that the respondent, indeed, waived all interest in decedent’s retirement benefits, and the motion is hereby granted to the extent that the respondent is ordered to return to the estate all monies received from federal death benefits. The petitioner, however, has no valid claim with respect to any personal property still within the control of the respondent. As per the separation agreement entered into by both parties, the decedent abandoned any and all personal property left in the marital *742 home upon his departure. The petitioner had ample opportunity prior to his death to retrieve such items and did not do so within the prescribed time limit as set forth in the separation agreement, so as to that branch of the motion seeking the return of the personal property, the motion is hereby denied.