Dougherty v Latorre (2022 NY Slip Op 03597)

Dougherty v Latorre

2022 NY Slip Op 03597

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, WINSLOW, AND BANNISTER, JJ.

190 CA 21-00243

[*1]ERIN DOUGHERTY, AS EXECUTOR OF THE ESTATE OF THOMAS B. DOUGHERTY, DECEASED, PLAINTIFF-APPELLANT,
v
JULIUS G.S. LATORRE, M.D., DEFENDANT, PUNEET KAPUR, M.D., AND CARMEN M. MARTINEZ, M.D., DEFENDANTS-RESPONDENTS. 

ROBERT E. LAHM, PLLC, SYRACUSE (RACHEL NICOLE FRIEDMAN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KEVIN C. HU), FOR DEFENDANT-RESPONDENT PUNEET KAPUR, M.D. 
RICOTTA MATTREY CALLOCCHIA MARKET & CASSERT, BUFFALO (COLLEEN K. MATTREY OF COUNSEL), FOR DEFENDANT-RESPONDENT CARMEN M. MARTINEZ, M.D. 

 Appeal from an order of the Supreme Court, Onondaga County (Scott J. DelConte, J.), entered February 3, 2021. The order, among other things, granted the motions of defendants Puneet Kapur, M.D., and Carmen M. Martinez, M.D., for summary judgment and dismissed the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Decedent commenced this action seeking damages for, inter alia, injuries he sustained as a result of the alleged medical malpractice of defendants-respondents. Defendants-respondents each moved for summary judgment dismissing the complaint against them, and Supreme Court granted both motions. We note at the outset that decedent passed away during the pendency of this appeal. Although decedent's daughter, Erin Dougherty, was added as an additional plaintiff in her role as the temporary guardian of decedent's person and property prior to the motion practice at issue (see generally Mental Hygiene Law § 81.23 [a]), decedent's death nonetheless divests this Court of jurisdiction in this matter until a proper substitution of decedent's estate has been made by court order pursuant to CPLR 1015 (a) (see Giroux v Dunlop Tire Corp., 16 AD3d 1068, 1069 [4th Dept 2005]; see generally Mental Hygiene Law § 81.36 [a] [3]; Matter of Vita V. [Cara B.], 100 AD3d 913, 914 [2d Dept 2012]). Inasmuch as decedent's daughter has filed with this Court the appropriate letters testamentary appointing her as executor of decedent's estate, we substitute her as the "proper part[y]" on our own motion and amend the caption accordingly (CPLR 1015 [a]; see CPLR 1021; Hallinckx v Stenbeck, 307 AD2d 915, 915 [2d Dept 2003]). We have reviewed plaintiff's contentions on appeal and affirm for reasons stated in the decision at Supreme Court.
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court