■ DOROTHY LONGWORTH, Appellant, v GREAT AMERICAN INSURANCE COMPANY, Respondent, et al., Defendant. (Action No. 1.) PATRICIA TANNEN, as Administratrix of the Estate of JOHN LONGWORTH, Deceased, Appellant, v GREAT AMERICAN INSURANCE COMPANY, Respondent. (Action No. 2.)—In consolidated actions in which, in Action No. 1, plaintiff Longworth seeks a declaration, *inter alia,* that defendant is obligated to pay a certain judgment, and in which, in Action No. 2, plaintiff Tannen sues to recover the amount of the said judgment, plaintiffs separately appeal from two judgments of the Supreme Court, Nassau County, both rendered July 30, 1975, after a nonjury trial, the first of which dismissed the complaint of plaintiff Longworth and the second of which dismissed the complaint of plaintiff Tannen. First above-mentioned judgment (in Action No. 1) modified, on the law, by deleting the provision that the complaint is dismissed and by substituting therefor declarations that: (1) the defendant's disclaimer was proper; (2) defendant is not obligated to pay the said judgment; (3) defendant is not liable to plaintiff Longworth for the value of legal services or disbursements; and (4) plaintiff is not entitled to an order amending, *nunc pro tunc,* a judgment of divorce dated April 28, 1970 so as to make the date thereof July 28, 1969. As so modified, judgment affirmed, without costs or disbursements, on the opinion of Mr. Justice Harnett at Special Term. Second above-mentioned judgment (in Action No. 2) affirmed, without costs or disbursements, upon the opinion of Mr. Justice Harnett at Special Term. Margett, Acting P. J., Rabin, Hawkins and Mollen, JJ., concur. [80 Misc 2d 114.]

■ MAGAZINE DELIVERY CORP., Appellant, v EAGLE STAR INSURANCE Co., LTD., Respondent.—In an action on an insurance policy, plaintiff appeals from an order of the Supreme Court, Nassau County, dated December 10, 1975, which granted defendant's motion to vacate its notice of discovery and inspection. Order affirmed, with $50 costs and disbursements. The motion to vacate plaintiff's notice of discovery and inspection was properly granted. Hopkins, Acting P. J., Martuscello, Latham and Damiani, JJ., concur.