■ RICHARD DAVIS, Appellant, v ROSE DAVIS, Respondent.—In a matrimonial action, plaintiff appeals from a judgment of the Supreme Court, Westchester County, dated August 31, 1978, which, *inter alia,* granted mutual divorces to the parties and ordered that the judgment be effective *nunc pro tunc* as of January 30, 1976. (By order of the Supreme Court, Westchester County, dated Nov. 8, 1978, the estate of Rose Davis was substituted as the defendant.) Judgment reversed, on the law, without costs or disbursements, and action dismissed. In 1975 the plaintiff husband commenced an action for divorce based on cruel and inhuman treatment. Several allegations were made but all were dropped at trial save a charge that the defendant wife had made unjustified and unfounded charges of adultery on several occasions and humiliated plaintiff before others. Defendant answered with a general denial but did not counterclaim for divorce. On January 30, 1976 a hearing was held. Plaintiff testified to the allegation of unfounded charges of adultery. Defendant testified that plaintiff left the marital residence without a reason in November, 1974 and has never returned. Counsel for defendant moved to conform the pleadings to the proof and add a counterclaim for abandonment. The parties placed an extensive financial settlement on the record, which included provisions for the payment of alimony, disposition of real estate and payment of debts. Tragically, defendant committed suicide some two days after the hearing and prior to entry of judgment. She left a will which named her son as sole beneficiary. Plaintiff filed an election against the will as surviving spouse and received an initial distribution on December 9, 1976. In June, 1978 a motion was made by defendant's son to enter a judgment of divorce *nunc pro tunc* as of January 30, 1976. The motion was granted and mutual divorces were awarded. Plaintiff's divorce was based on cruel and inhuman treatment and defendant's on the ground of abandonment. The judgment was entered *nunc pro tunc* as of January 30, 1976. Although the court issued no memorandum, it presumably considered the entry of judgment to be merely a ministerial act. We cannot agree and reverse. The instant case is distinguishable from *Jayson v Jayson* (54 AD2d 687). In *Jayson (supra),* the trial court had granted a divorce in favor of the plaintiff wife. The parties were directed to submit findings of fact and a judgment. Subsequent thereto and prior to submission of any findings or judgment, the defendant husband committed suicide. On those facts, this court reversed Special Term's denial of the administratrix' motion to permit the entry of a judgment of divorce *nunc pro tunc* and granted the motion. Here, however, there had been no express statement by the court that a divorce would be granted to either party. At best, the court indicated its inclination to grant a divorce by allowing the parties to spread a financial settlement on the

record. There was no direction to submit findings of fact or a judgment. (Cf. *Longworth v Great Amer. Ins. Co.,* 80 Misc 2d 114, mod on other grounds 55 AD2d 908.) The right to a judgment of divorce had not been established prior to defendant's death. (See *Cornell v Cornell,* 7 NY2d 164.) Thus, entry of a judgment of divorce *nunc pro tunc* was inappropriate. Under the instant circumstances, the entry of such a judgment would not serve the permissible purpose of recording a ruling made but " 'improperly evidenced by a defective mandate, or by no mandate at all' " (see *Mohrmann v Kob,* 291 NY 181, 186). Rather, it would impermissibly serve to record a fact as of a prior date when the fact did not then exist. (See *Mohrmann v Kob, supra.)* Lazer, J. P., Mangano, Gibbons and Margett, JJ., concur.