OPINION OF THE COURT
William Rigler, J.
The issue before this court appears to be one of first impression. The question presented is does an order of temporary support cease if the matrimonial action abates? Stated slightly differently, may a pendente lite child support order be en *511 forced after the underlying matrimonial action has abated and, if enforceable, who may enforce it?
In this application, a nonparty, the nonparent legal guardian of one of the children of the parties, seeks to enforce a temporary order of child support granted to the mother of the child. The temporary child support order was issued as part of a matrimonial action. The mother is now deceased. A factual review of this matter is necessary prior to the court determining the questions presented.
FACTS
In 1987 plaintiff wife, Barbara Flournoy, commenced this matrimonial action. By order entered February 6, 1989, defendant husband, Arthur E. Flournoy, was ordered to pay plaintiff $200 per week as pendente lite child support for Keena Flournoy (the parties’ only unemancipated child) and $200 per week as pendente lite maintenance. Defendant was at that time a retired employee of the New York City Department of Corrections. In an order, dated November 29, 1989, the court permitted the enforcement of the pendente lite order of child support and maintenance by way of a $400 per week income deduction from defendant’s pension payment. The pension was from the New York City Pension System which was then in pay-out status. Pursuant to the income execution plaintiff started to receive payments from the New York City Pension System equivalent to $400 per week.
On September 17, 1990 plaintiff died. The pension payments to plaintiff, pursuant to the November 29, 1989 order, ceased in October 1990. By order of the Probate Court of Greene County, Ohio, dated December 6, 1990, Lorna Flournoy (the parties’ other daughter) was appointed guardian for her sister Keena Flournoy.
Lorna Flournoy was appointed guardian for Keena for one apparent reason; defendant at the time was not available to care for Keena. In fact, he was then being sought by the New York City Police as a suspect in the commission of a murder. The murder took place right after a court appearance in this case while plaintiff was still alive. Subsequently, defendant was arrested. Defendant is currently being held on Rikers Island waiting trial on the murder charge.
One more piece of the puzzle must be set out before the analysis can be conducted. Prior to being appointed guardian for Keena, but after the alleged commission of the murder, *512 Lorna Flournoy was given a full power of attorney by defendant (apparently she was in contact with defendant while he was a fugitive). Under this authority defendant claims Ms. Flournoy collected eight full pension checks (not just the support and maintenance awards) and managed his rental properties. The power of attorney has since been withdrawn.
ANALYSIS
Lorna Flournoy argues that as guardian for Keena Flournoy she stands in the shoes of her mother, the plaintiff. Ms. Flournoy claims that in such a position she can enforce the pendente lite order of support. She argues further that she may have the order modified in an upward direction. The keystone of her claim is that the settled order, dated November 29, 1989 granting the income execution, contained the words "This Order shall continue indefinitely and the New York City Pension System is directed to continue to make payments until further Order from this court.”
The reliance on the inartful words contained in the settled order is misplaced. The use of the words was clearly meant to have the income deduction order continue until resolution of the matter. It does not translate into a permanent income execution. More importantly, the order was merely an enforcement mechanism for the previously granted pendente lite order. It did not change the nature of the February 6, 1989 pendente lite order into a permanent order of support. A reading of the minutes from August 16, 1989 (the basis of the Nov. 29, 1989 written order) makes this clear. "The court read the papers. Based on the fact and circumstances therein, the motion of the plaintiff is granted only to the extent of directing a deduction order from the defendant’s pension fund presently held by the New York City Pension System, located at 220 Church Street, New York, in the sum of $400 per week, representing $200 a week maintenance and $200 a week child support pursuant to 1989. This determination is without prejudice to defendant, if he so desires, making a motion to set aside or vacate the order of February 6, 1989.”
Thus, the November 29, 1989 income execution order, as an enforcement order was only valid so long as the pendente lite order of support and maintenance was valid. If the pendente lite order of support and maintenance was no longer valid, then the income execution was no longer valid.
A pendente lite order by its very nature is temporary. *513 Black’s Law Dictionary defines pendente lite as follows: "Pending the suit; during the actual progress of a suit; during litigation” (Black’s Law Dictionary 1020 [5th ed]). Hence, unless some other rule applies, once an action no longer exists a pendente lite order ceases upon the conclusion of the underlying action.
In the matter before the court plaintiff died before the action for divorce was resolved. There is no dispute that once she died the matrimonial action abated. As the Appellate Division, Second Department has noted: "It is well settled that the death of one party to a divorce action prior to a judicial determination dissolving the marriage causes the action to abate since the marital relationship between the parties no longer exists (see, Cornell v Cornell, 7 NY2d 164, mot to amend remittitur granted 7 NY2d 987; Sperber v Schwartz, 139 AD2d 640; Davis v Davis, 75 AD2d 861, affd 52 NY2d 850).” (Kenzer v Kenzer, 144 AD2d 439, 440.)
Since this matrimonial action abated upon the death of plaintiff, the pendente lite child support and maintenance order making moneys payable to her ceased to be valid. The litigation had ceased.
Lorna Flournoy does not stand in her mother’s shoes in the matrimonial action. She did not automatically have legal custody of Keena (the basis for the pendente lite child support order). If anything, defendant resumed custody/guardianship upon the death of his spouse until an order was issued to the contrary. Lorna Flournoy was not even appointed guardian for her sister until almost three months after this matrimonial action abated. Lorna Flournoy’s arguments that somehow the pendente lite child support awarded to plaintiff, her mother, existed outside the matrimonial action and thus she now can enforce it flies in the face of logic. The temporary child support award was not as she argues equivalent to a postjudgment matter which is not negated by the fact that the matrimonial action was abated. The award was by its very nature pendente lite, as part of the matrimonial action. Lorna Flournoy does not even have standing to make this application to this court. She is not, and was not, a party to the action (since abated). Thus, her application must be denied. Once appointed guardian, Lorna Flournoy could have applied to the courts for child support but she failed to do so.
Furthermore, this court cannot now convert Lorna Flournoy’s application into something else (i.e., action for child *514 support [Domestic Relations Law § 240]). She is not the parent of Keena Flournoy. She has no standing before this court within the action under which she is attempting to proceed.
This decision in no way should be perceived as indicating that defendant need not support his child. Nor should the decision be viewed as foreclosing Lorna Flournoy, as guardian, from being able to obtain support for Keena Flournoy. Rather it is just a determination that Lorna Flournoy has chosen the wrong vehicle. As guardian for Keena Flournoy she may bring a support proceeding in Family Court and/or a proceeding for necessaries.
Accordingly, it is ordered that Lorna Flournoy’s application is denied in its entirety.