■ In the Matter of the Estate of Santo Alfieri, Deceased. Norma Alfieri, Appellant; Nina Licata et al., Respondents. [611 NYS2d 226] —In a discovery proceeding pursuant to SCPA 2103 to recover the assets of a decedent's estate, the petitioner appeals from a judgment of the Surrogate's Court, Richmond County (D'Arrigo, S.), dated March 24, 1992, which after a hearing, dismissed the petition.

Ordered that the judgment is affirmed, with costs.

The evidence supports the finding of the Surrogate's Court that the decedent's acts were voluntary and not the result of fraud or undue influence. The transfer of the East River Savings Bank account to his sister was not illusory in nature (see, Krause v Krause, 285 NY 27; Newman v Dore, 275 NY 371). Even if the decedent violated the pendente lite order issued in a divorce action by transferring the bank account

and changing the beneficiaries on his IRA accounts, that does not provide a basis for returning those assets to the estate. When he died, the matrimonial action abated and the appellant cannot obtain equitable distribution of marital assets in this proceeding (see, Sperber v Schwartz, 139 AD2d 640). The Surrogate's Court properly determined that the petition could not be deemed a notice of election pursuant to EPTL 5-1.1 (e) and that the appellant's request for an extension of time to exercise her right of election was untimely (see, Matter of Collins, 12 AD2d 307; Matter of Brookes, 9 AD2d 927, affd 9 NY2d 840). Miller, J. P., Lawrence, Altman and Krausman, JJ., concur.