■ Linda Forgione, Appellant, v Joseph Forgione, Defendant, and Nelly Stabile, Intervenor-Respondent. [647 NYS2d 811] —In an action for a divorce and ancillary relief, the plaintiff wife appeals from an order of the Supreme Court, Richmond County (Marrero, J.), dated September 1, 1995, which granted Nelly Stabile's motion to intervene in this ac-

tion and vacated so much of a pendente lite order of the same court, dated September 23, 1994, as directed that during the pendency of this action, the plaintiff be designated as beneficiary of the defendant husband's life insurance policies.

Ordered that the order is affirmed, with costs.

The plaintiff contends that the Supreme Court erred in permitting Nelly Stabile to intervene in this matrimonial action. We disagree. The record reveals that prior to the September 23, 1994, pendente lite order which directed the defendant to name the plaintiff as the beneficiary of his life insurance policy during the pendency of this action, the intervenor· was designated to receive 40% of the proceeds of the subject policy. Since the pendente lite relief sought and obtained by the plaintiff adversely affected the intervenor's entitlement to a share of the insurance proceeds, the Supreme Court properly granted her application to intervene (see, CPLR 1001, 1012 [a] [3]; see also, Graziane v Continental Cas. Co., 75 AD2d 678).

Furthermore, the Supreme Court correctly determined that so much of the pendente lite order as directed the defendant, who died on November 3, 1994, to designate the plaintiff as the beneficiary of any life insurance policies should be vacated. It is well settled that the death of either the husband or the wife prior to a judgment of divorce results in abatement of both the divorce and ancillary causes of action (see, Matter of Alfieri, 203 AD2d 562; Peterson v Goldberg, 180 AD2d 260; Sperber v Schwartz, 139 AD2d 640). Accordingly, the plaintiff's ancillary claim for permanent maintenance abated upon the husband's death prior to judgment, and the order requiring the husband to designate the wife as beneficiary of his life insurance policy, which was designed to secure payment of pendente lite maintenance, may not be properly continued under these circumstances (see, Domestic Relations Law § 236 [B] [8] [a]). Bracken, J. P., Krausman, Goldstein and Luciano, JJ., concur.