■ PATRICIA FLAHERTY et al., Appellants, v DEAN LYNCH, Respondent. [738 NYS2d 78] —In an action for a divorce and

ancillary relief, the plaintiffs, as executors of the estate of Debra Lynch, appeal from an order of the Supreme Court, Rockland County (Weiner, J.), dated November 22, 2000, which, inter alia, denied their cross motion for leave to enter a judgment of divorce nunc pro tunc, and granted the defendant's motion to abate the action on the ground that Debra Lynch died before the entry of the judgment of divorce.

Ordered that the order is affirmed, with costs.

In this divorce action, the defendant, Dean Lynch, and his wife, Debra Lynch (hereinafter the wife), entered a stipulation of settlement on the record by which the defendant husband agreed to withdraw his answer in exchange for certain considerations. The divorce was granted based on the stipulation, but entry of the judgment was expressly made subject to the Supreme Court's confirmation of certain conditions of the settlement which called for, inter alia, the establishment of a trust fund for their daughter by the wife as well as certain terms regarding distribution. The wife died before the conditions of the settlement were met. The defendant's motion to abate the action was granted and the plaintiffs' cross motion for leave to enter judgment nunc pro tunc was denied.

It is well settled that "a suit for divorce abates at the death of either party, because the marriage relation sought to be dissolved no longer exists, and a judgment cannot thereafter be entered *nunc pro tunc* unless the complainant was entitled to have had such judgment entered while both parties were living" (*Cornell v Cornell,* 7 NY2d 164, 169-170). Here, at the time that the stipulation of settlement was entered on the record, both the defendant and the wife, and the court, understood that judgment would not be entered until the terms of the settlement were met and the Supreme Court gave its approval. The wife, who died before the terms were met, was not entitled to have the judgment entered while she was still living. Thus, the judgment cannot now be entered nunc pro tunc (*see, Cornell v Cornell, supra*).

The plaintiffs' remaining contentions are without merit. Ritter, J.P., Smith, Krausman and Townes, JJ., concur.