(August 11, 2009)

■ Angus King, as Executor of Roger Kline, Deceased, Respondent, v Susan Ferris Kline, Appellant. [884 NYS2d 229]—

Appeal from order, Supreme Court, New York County (Saralee Evans, J.), entered December 26, 2008, which denied defendant wife's request for additional discovery, sanctions and interim counsel fees of $200,000, and instead awarded her interim counsel fees of $25,000, unanimously dismissed, without costs.

This appeal calls on us to determine whether a spouse seeking pendente lite counsel fees may continue to press such a claim in a divorce action after the spouse from whom such relief was sought dies. For the reasons stated below, we hold that the surviving spouse may not continue to pursue the claim.

The parties were married in 1977. The husband commenced this action in November 2005. In February 2008, the wife moved for omnibus pendente lite relief. The resulting order directed the husband, among other things, to pay accrued professional fees to the wife's outgoing attorneys, her incoming attorneys, and her accountants. Thereafter, the wife served extensive discovery demands on the husband and a subpoena on his employer (the nonparty respondent), most of which sought information related to the postcommencement appreciation of the husband's financial interest in his employer. Rather than comply, the wife contends that the husband and his employer deliberately engaged in obstructionist discovery tactics, all as part of what she alleges was a "war of attrition" strategy.

In September 2008, the wife moved by order to show cause to compel the husband and his employer to comply with outstanding discovery or, in the alternative, for various sanctions. In addition to that relief, the wife sought $200,000 in additional interim counsel fees, "virtually all of [which]" she argued "were made necessary by plaintiff's dilatory behavior and litigation strategy."

The motion court resolved the discovery aspect of the motion by directing the husband and his employer to produce certain documents and requiring the wife to refine her demands against the employer by serving certain interrogatories. With respect to the request for counsel fees, the court reminded the parties of the reason for its rule against permitting discovery motions without prior authorization, "having found them to be unduly time consuming and expensive." It then awarded the wife $25,000 in counsel fees, "subject to reallocation at trial."

The wife perfected an appeal of the order to this Court on February 23, 2009. Her principal brief argued that the motion court erred in not granting all of the discovery relief she sought, and in only awarding her a small percentage of the interim counsel fees she had requested. On March 18, 2009, before his brief was due, the husband died. An estate representative was quickly appointed and substituted as plaintiff. Further, the parties stipulated that all of the discovery issues addressed in the wife's brief were moot. The wife, however, disagreed with the estate that the issue of counsel fees was also academic. The estate moved to dismiss the appeal, arguing that, upon the husband's death, the divorce action ended.

It is well settled that "a suit for divorce abates at the death of either party, because the marriage relation sought to be dissolved no longer exists" (*Cornell v Cornell*, 7 NY2d 164, 169 [1959]). As the wife's claim for interim counsel fees was necessarily dependent on the existence of a divorce action in which to make the claim, it was extinguished along with the litigation. The death of the husband necessarily precludes the wife from seeking counsel fees because "it is only where the parties to the action stand in the relation of husband and wife that the latter is entitled to" such fees (*Farnham v Farnham*, 227 NY 155, 158 [1919]).

The estate correctly argues that the appeal must be dismissed as a practical matter. First, if this Court were to consider the appeal and find that the wife was entitled to a larger counsel fee award, we would likely remand for further proceedings to determine the precise amount. However, since the action abated, there would be no forum in which such a determination could be made. In addition, as the motion court correctly noted in its order, any interim fee award would be subject to reallocation at trial. As there will be no trial, the estate would have no opportunity to establish any entitlement to recoup counsel fees paid on a pendente lite basis.

The wife argues, relying on the holding in *Peterson v Goldberg* (180 AD2d 260 [1992], *lv dismissed* 81 NY2d 835 [1993]), that her claim may proceed because her right to an award of interim counsel fees is "vested." However, that case is distinguishable. In *Peterson*, the husband moved to Florida and the wife commenced a divorce action in New York, where they had resided. Subsequent to the commencement of the New York action, the husband obtained an ex parte judgment of divorce in Florida. He moved for summary judgment in the New York action, stating that the parties were already divorced pursuant to the Florida proceeding. The New York court dismissed the claim for a divorce, but converted the action into one for equitable distribution following a foreign judgment of divorce, pursuant to Domestic Relations Law § 236 (B) (2). Then, the wife died. The husband claimed that the action abated upon her death, but the Second Department disagreed. It noted that a cause of action for equitable distribution following a foreign judgment of divorce vests upon the entry of the foreign judgment. It stated that "[c]onsequently, if a party dies in possession of a vested right to equitable distribution, and that right has been asserted during the party's lifetime in an action in a court of this State, that right survives the party's death and may be asserted by the estate" (180 AD2d at 263). Significantly, the court distinguished

the claim for equitable distribution from "a cause of action for a divorce, which is personal to a party and which thus abates on that party's death, because death terminates the marital relationship." (*Id.*, citing *Cornell v Cornell*, 7 NY2d 164 [1959], *supra.*)

Similarly unavailing to the wife is her citation to *Dembitzer v Rindenow* (35 AD3d 791 [2006]). There, too, the wife died after entry of a judgment of divorce, but while her motion to enforce the husband's child support obligation, and the husband's cross motion for a reduction of support arrears, were pending. The Court, again the Second Department, rejected the husband's argument that his ex-wife's death impacted his obligation to pay the arrears, stating that "the obligation to pay child support survives the death of the custodial parent." (35 AD3d at 793.)

While there are strong public policy reasons for that rule, there is no reason for a rule providing that the right to seek pendente lite counsel fees survives the death of a party to a divorce action. The purpose of pendente lite relief counsel fees is to level the playing field, to sustain the nonmonied spouse pending resolution of a divorce action so a fair result can be reached (*see O'Shea v O'Shea*, 93 NY2d 187, 193 [1999]). Once, as here, the action abates, any concerns about the nonmonied spouse's ability to litigate on a level playing field no longer exist. Accordingly, there is no reason for the court to retain jurisdiction over the application for interim counsel fees, notwithstanding the abatement of the action.

Motion seeking to strike brief denied. Concur—Gonzalez, P.J., Tom, Mazzarelli, Andrias and Saxe, JJ.