■ ALEIDA VERONICA BORDAS, Respondent, v DAVID M. BORDAS, Appellant. [19 NYS3d 763]—Appeal from an order of the Supreme Court, Westchester County (Paul I. Marx, J.), dated April 17, 2014. The order, in effect, dismissed the defendant's motion with respect to certain life insurance and annuity accounts on the ground that the action had abated.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court correctly determined that the plaintiff's death, which occurred shortly after the parties executed a pretrial stipulation with respect to the grounds for divorce, abated the instant action for a divorce and ancillary relief (*see generally Cornell v Cornell*, 7 NY2d 164, 169 [1959]; *King v Kline*, 65 AD3d 431 [2009]; *Flaherty v Lynch*, 292 AD2d 340 [2002]; *Matter of Forgione*, 237 AD2d 438 [1997]; *Sperber v Schwartz*, 139 AD2d 640 [1988]; *Davis v Davis*, 75 AD2d 861 [1980], *affd* 52 NY2d 850 [1981]), divesting the court of jurisdiction and necessitating dismissal of the defendant's motion (*see Davis v Davis*, 75 AD2d at 861-862; *King v Kline*, 65 AD3d 431 [2009]; *Flaherty v Lynch*, 292 AD2d 340 [2002]).

Contrary to the defendant's contention, the stipulation was not the equivalent of a final adjudication of the substantive rights of the parties and, therefore, did not entitle the parties to have a final judgment of divorce entered nunc pro tunc to the date of the stipulation (*see Matter of Alfieri*, 203 AD2d 562 [1994]).

The defendant's remaining contention is without merit (*see id.*). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.