First Metlife Invs. Ins. Co. v Filippino (2019 NY Slip Op 01568)





First Metlife Invs. Ins. Co. v Filippino


2019 NY Slip Op 01568


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-01587
 (Index No. 101298/15)

[*1]First Metlife Investors Insurance Company, plaintiff,
v
Erika Filippino, respondent, Vivian Amato, individually, appellant, et al., defendant.


Stephen Bilkis, Garden City, NY (Scott L. Steinberg of counsel), for appellant.
Kevin P. McKernan (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for respondent.



DECISION & ORDER
In a stakeholder's interpleader action pursuant to CPLR 1006, the defendant Vivian Amato, individually, appeals from an order of the Supreme Court, Richmond County (Philip G. Minardo, J.), dated January 25, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendant Erika Filippino, which was, in effect, for summary judgment on so much of her cross claim as sought to recover the proceeds of a particular life insurance policy, and denied that branch of the cross motion of the defendant Vivian Amato, individually, which was for summary judgment dismissing the cross claim asserted by the defendant Erika Filippino.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Erika Filippino which was, in effect, for summary judgment on so much of her cross claim as sought to recover the proceeds of a particular life insurance policy, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Vivian Amato, individually.
On August 6, 2008, the plaintiff, First Metlife Investors Insurance Company (hereinafter Metlife), issued a life insurance policy (hereinafter the subject policy) to Frank Filippino (hereinafter the decedent). The decedent's wife, the defendant Erika Filippino (hereinafter Filippino), was designated the sole primary beneficiary of the subject policy. In August 2013, Filippino commenced an action for a divorce and ancillary relief (hereinafter the divorce action), and served the decedent with the summons and complaint in the divorce action, which included the "automatic orders" set forth in Dometic Relations Law § 236(B)(2)(b) enjoining the decedent from changing the beneficiary of any of his life insurance policies during the pendency of the divorce action. On October 11, 2013, while the divorce action was pending, the decedent changed the beneficiary designation of the subject policy from Filippino to his son, C.F., as sole primary beneficiary of the subject policy, and designated his sister, the defendant Vivian Amato, as custodian for C.F. It is alleged that thereafter, the beneficiary designation of the subject policy was changed again, this time to Amato, individually. On June 21, 2014, while the divorce action was in the pretrial/discovery phase, the decedent died.
Both Filippino and Amato asserted claims for the proceeds of the subject policy. Metlife then commenced this interpleader action, naming, as defendants, Filippino and Amato, both individually and as custodian for C.F. Filippino asserted a cross claim against Amato, both individually and as custodian for C.F., alleging, inter alia, that any changes in beneficiary to the subject policy were null and void. Filippino moved, in effect, for summary judgment on so much of her cross claim as sought to recover the proceeds of the subject policy, and Amato, individually, cross-moved, inter alia, for summary judgment dismissing Filippino's cross claim. The Supreme Court granted that branch of Filippino's motion and denied that branch of Amato's cross motion, and Amato, individually, appeals.
The Supreme Court should not have granted that branch of Filippino's motion which was for summary judgment on so much of her cross claim as sought to recover the proceeds of the subject policy. The decedent's death, which occurred during the pretrial/discovery phase of the divorce action, abated that action, divesting the court of jurisdiction to, in effect, enforce the "automatic orders" set forth in Domestic Relations Law § 236(B)(2)(b) and restore the original beneficiary designation (see Bordas v Bordas, 134 AD3d 660; King v Kline, 65 AD3d 431; Flaherty v Lynch, 292 AD2d 340).
However, we agree with the Supreme Court's determination denying that branch of Amato's cross motion which was for summary judgment dismissing Filippino's cross claim. Amato failed to demonstrate her prima facie entitlement to judgment as a matter of law, as her submissions failed to eliminate all triable issues of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
AUSTIN, J.P., MALTESE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court