Storch Amini, P.C., Plaintiff-Respondent,
against
David Schlachet, Defendant-Appellant.




Defendant appeals from an order of the Civil Court of the City of New York, New York County (Debra Rose Samuels, J.), entered on or about January 24, 2019, which granted plaintiff's motion for summary judgment in lieu of complaint.




Per Curiam.
Order (Debra Rose Samuels, J.), entered on or about January 24, 2019, affirmed, with $10 costs.
Civil Court properly granted plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213. The May 7, 2018 stipulation entered in the matrimonial action evidenced an unconditional promise by defendant (husband) to pay plaintiff (his wife's counsel) $20,000 upon the happening of a specified occurrence, specifically the "conclusion of the Mediation" of the "financial issues," as "determined by the mediator" or the matrimonial court. Thus it qualifies as an instrument for the payment of money only (see Hogan & Co. v Saturn Mgt., 78 AD2d 837 [1980; see also Maglich v Saxe, Bacon & Bolan, 97 AD2d 19 [1983]).
The matrimonial action abated and the mediation obviously concluded upon the death of defendant's wife (see Forgione v Forgione, 231 AD2d 603, 604 [1996] ["the death of either the husband or the wife prior to a judgment of divorce results in abatement of both the divorce and ancillary causes of action"]). The financial issues that the parties agreed to mediate were "necessarily dependent on the existence of a divorce action ... [and were] extinguished along with the litigation" (Kling v Kline, 65 AD3d 431, 433 [2009]). In these particular circumstances, there was no need for any formal determination (by the matrimonial court or mediator) that the mediation was concluded.
Defendant's remaining contentions, to the extent preserved for appellate review, are unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: October 24, 2019