Handelsman v Llewellyn (2020 NY Slip Op 01278)





Handelsman v Llewellyn


2020 NY Slip Op 01278


Decided on February 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 25, 2020

Gische, J.P., Webber, Oing, Singh, JJ.


21177/12 -11071B 11071A 11071

[*1] Matthew I. Handelsman, et al., Plaintiffs-Appellants,
v
Andrew L. Llewellyn, Defendant-Respondent, The City of New York, et al., Defendants.


Kenneth J. Gorman, P.C., New York (Kenneth J. Gorman of counsel), for appellants.
Russo & Toner, LLP, New York (Alexandra L. Alvarez of counsel), for respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about August 10, 2018, which denied plaintiffs' renewed motion for summary judgment as to liability on the negligence and General Municipal Law § 205-e claims against defendant Andrew L. Llewellyn, unanimously affirmed, without costs. Order, same court and Justice, entered on or about January 10, 2018, which, after an in camera inspection, directed Llewellyn to disclose certain redacted documents, unanimously affirmed, without costs. Appeal from order, entered on or about December 12, 2017, to the extent it denied plaintiffs' motion for summary judgment against Llewellyn with leave to renew, unanimously dismissed, without costs, as taken from a superseded order.
The record demonstrates two different versions of how the accident occurred. Plaintiffs' version is that their vehicle was stopped and that defendant Llewellyn crossed the double yellow line and struck them. Llewellyn, however, testified at his EBT that plaintiffs' vehicle sped towards his vehicle and struck it. These circumstances give rise to credibility issues, which cannot be resolved summarily (see Jeffrey v DeJesus, 116 AD3d 574, 575 [1st Dept 2014]).
Plaintiffs' reliance on Llewellyn's plea of guilty to reckless driving, a misdemeanor (Vehicle and Traffic Law § 1212), to support their argument that he is collaterally estopped from contesting liability is misplaced. Llewellyn's plea, without more, merely constitutes "some evidence of negligence" (McGraw v Ranieri, 202 AD2d 725, 726 [3d Dept 1994]). Further, contrary to plaintiffs' argument, the plea itself, is not dispositive of Llewellyn's liability because the allocution minutes indicate that he pleaded guilty to reckless driving with no further factual elaboration of the circumstances (see Gilberg v Barbieri, 53 NY2d 285, 292-294 [1981]).
To the extent the record permits review, we see no reason to disturb the motion court's order directing the production of certain medical records after the in camera review (see generally 148 Magnolia, LLC v Merrimack Mut. Fire Ins. Co., 62 AD3d 486 [1st Dept 2009]; Flores v City of New York, 207 AD2d 302, 304 [1st Dept 1994]; see also Anonymous v High School for Envtl. Studies, 32 AD3d 353, 359 [1st Dept 2006]).
We are without jurisdiction to entertain plaintiffs' arguments concerning the parts of the order entered on or about December 12, 2017 that relate to discovery, since their notice of appeal limited the appeal to the part of the order that denied their motion for summary judgment (see CPLR 5515[1]; Martin v Silver, 170 AD3d 505, 506 [1st Dept 2019], lv denied 34 NY3d 908 [2020]; McCabe v Consulate Gen. of Can., 170 AD3d 449, 450 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 25, 2020
CLERK