Adams v Margulis (2021 NY Slip Op 00971)





Adams v Margulis


2021 NY Slip Op 00971


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, WINSLOW, AND BANNISTER, JJ.


1066 CA 20-00287

[*1]JOAN CASILIO ADAMS, ESQ., PLAINTIFF-RESPONDENT,
v
RANDY S. MARGULIS, ESQ., DEFENDANT-APPELLANT, AND KATHRIN L. CACCAMISE, DEFENDANT-RESPONDENT. 






RANDY S. MARGULIS, WILLIAMSVILLE, FOR DEFENDANT-APPELLANT. 
J. ADAMS & ASSOCIATES, PLLC, WILLIAMSVILLE (JOAN CASILIO ADAMS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered December 17, 2019. The order granted the motion of plaintiff for summary judgment and directed the disbursement of certain escrowed funds to defendant Kathrin L. Caccamise. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and judgment is granted in favor of defendant Randy S. Margulis, Esq. as follows:
It is ADJUDGED AND DECLARED that defendant Kathrin L. Caccamise is not entitled to receive the proceeds of the subject life insurance policy held in escrow; and plaintiff is directed to return the escrow funds to Metropolitan Life Insurance Company.
Memorandum: Plaintiff, an attorney, commenced this interpleader action as a stakeholder pursuant to CPLR 1006 seeking a declaration that defendant Kathrin L. Caccamise (wife), plaintiff's client in a divorce action, had a right to receive funds held in escrow by plaintiff and that plaintiff could terminate such escrow funds with payment to the wife. By way of background, plaintiff represented the wife and Randy S. Margulis, Esq. (defendant) represented Brian P. Caccamise (husband) in the divorce action. During the pendency of that action, the husband became ill with cancer. Thereafter, upon the pretrial application of the wife, Supreme Court issued a "stipulated order" directing the husband's employer to name the wife as beneficiary on the husband's life insurance policy through the employer and ordering the husband to immediately name the wife as the beneficiary of that life insurance policy, his employee 401k account, and his private individual retirement account. The husband died the day after that order was granted. A few days later, in a letter to the court and copied to plaintiff, defendant informed the court that the husband had died and asserted that, as a consequence, the pending action terminated by operation of law. Nevertheless, upon plaintiff's request, the court subsequently issued an "amended stipulated order," made retroactive to the date of the initial stipulated order, clarifying for the employer the accounts on which the wife was to be named as beneficiary.
Approximately three weeks after the husband's death, plaintiff sent a letter to the court's clerk and copied defendant requesting that the court issue another amended order naming the wife as beneficiary on a different life insurance policy issued to the husband by Metropolitan Life Insurance Company (MetLife). The husband's parents, who had purportedly provided the MetLife policy to the husband when he was 18 years old and paid the premiums thereon until the early years of the husband's marriage, were apparently the named beneficiaries on the MetLife policy. In a "second amended stipulated order" issued several weeks after the husband's death, the court directed MetLife to name the wife, retroactive to the initial order, as beneficiary on its [*2]policy and ordered the now-deceased husband to immediately name the wife as beneficiary on the MetLife policy. Defendant would later dispute that he had consented to the "second amended stipulated order." In any event, after receiving an objection from defendant, the court directed that the insurance proceeds on the MetLife policy, which had been sent by check to the wife, be held in escrow by plaintiff pending review of the issue.
After plaintiff commenced this interpleader action, she moved for summary judgment and defendant opposed the motion, including on the ground that the "second amended stipulated order" should be vacated because the husband died before it was granted. The court granted the motion and directed that the escrow funds, minus fees and costs, be turned over to the wife. A Justice of this Court stayed enforcement of the order pending appeal. Defendant appeals, and we now reverse.
We agree with defendant that the court erred in granting plaintiff's motion. It is well settled that "where one party to a divorce action dies prior to the rendering of a judicial determination which dissolves or terminates the marriage, the action abates inasmuch as the marital relationship between the parties no longer exists" (Sperber v Schwartz, 139 AD2d 640, 642 [2d Dept 1988], lv dismissed 73 NY2d 871 [1989], lv denied 74 NY2d 606 [1989]). "Although an exception to this rule exists where the court has made a final adjudication of divorce but has not performed 'the mere ministerial act of entering the final judgment,' " that exception does not apply here inasmuch as the court had merely granted some pretrial orders but had not made any final adjudication of divorce (Matter of Forgione, 237 AD2d 438, 438 [2d Dept 1997], lv denied 90 NY2d 804 [1997], quoting Cornell v Cornell, 7 NY2d 164, 170 [1959]; see Acito v Acito, 72 AD3d 493, 493-494 [1st Dept 2010]; cf. Matter of Estate of Agliata, 222 AD2d 1025, 1025 [4th Dept 1995]). In this instance, the husband's death "abated the . . . action for a divorce and ancillary relief" (Bordas v Bordas, 134 AD3d 660, 660 [2d Dept 2015]; see Forgione v Forgione, 231 AD2d 603, 604 [2d Dept 1996]).
Despite the foregoing, after the husband's death, the "second amended stipulated order" directing that the wife be named as the beneficiary on the MetLife policy was requested by plaintiff and issued by the court. As defendant argued below in this interpleader action and contends on appeal, that order should never have been issued because any claim that the wife may have had to the MetLife policy in the divorce action was extinguished upon the death of the husband (see Bordas, 134 AD3d at 660; Forgione, 231 AD2d at 604), and the court should have, instead, vacated that order (see Forgione, 231 AD2d at 604; see generally First Metlife Invs. Ins. Co. v Filippino, 170 AD3d 672, 673-674 [2d Dept 2019]; Matter of Alfieri, 203 AD2d 562, 563 [2d Dept 1994]). Under these circumstances, we exercise our power to "search the record and grant summary judgment to a nonmoving party," i.e., defendant (JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 385 [2005]; see CPLR 3212 [b]; Dunham v Hilco Constr. Co., 89 NY2d 425, 429 [1996]; Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 111 [1984]). We conclude that there are no material issues of fact and that the record establishes, as a matter of law, that the "second amended stipulated order" is without effect. Thus, inasmuch as the wife is not entitled to receive the proceeds of the MetLife insurance policy, we direct plaintiff to release the escrow funds to MetLife, which may then distribute the proceeds of the policy in accordance with the policy terms and its procedures.
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court