Bomer v Dean (2021 NY Slip Op 03937)





Bomer v Dean


2021 NY Slip Op 03937


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


150 CA 20-00801

[*1]ROBERT RANDALL BOMER, IN SUBSTITUTION FOR JOYCE B. DEAN, DECEASED, PLAINTIFF-RESPONDENT,
v
DAVID F. DEAN, M.D., DEFENDANT-APPELLANT. 






MICHAEL STEINBERG, ROCHESTER, FOR DEFENDANT-APPELLANT. 
ALLEN & O'BRIEN, ROCHESTER (STUART L. LEVISON OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Richard A. Dollinger, A.J.), entered May 29, 2020. The order, insofar as appealed from, granted the motion of Robert Randall Bomer to be substituted in the place of the deceased plaintiff, and denied those parts of the cross motion of defendant with respect to decedent's claims for spousal support under Family Court Act article 4 and attorneys' fees. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied, and those parts of the cross motion seeking to dismiss the claims for spousal support under article 4 of the Family Court Act ancillary to and prosecuted under Index No. 2014/3166 and for attorneys' fees under Index Nos. 2016/7447 and 2014/3166 are granted.
Memorandum: Defendant and Joyce B. Dean (decedent) were married in 1997. Although they had no children together, decedent had two children from a prior marriage, one of whom is plaintiff. Defendant and decedent moved from Texas to Monroe County in March 2013. Shortly thereafter, decedent visited plaintiff in Texas, but never returned. A few months later, she removed defendant as her power of attorney, appointing plaintiff in defendant's stead. In March 2014, decedent commenced a divorce action against defendant. In July 2016, Supreme Court dismissed most of the 2014 divorce action on jurisdictional grounds and converted the remaining aspects of that action—i.e., requests for maintenance, medical and dental coverage, and medical expenses—into a spousal support proceeding under Family Court Act article 4 (2014 support action).
Shortly thereafter, decedent commenced another divorce action (2016 divorce action) that was practically identical to the action commenced in 2014. In May 2019, decedent died while both the 2016 divorce action and the 2014 support action were still pending. Several months later, decedent's attorney moved to substitute plaintiff—who served as decedent's executor in a probate proceeding in Texas—as plaintiff in both the 2014 support and the 2016 divorce actions so that he could pursue decedent's claims for retroactive spousal support and attorneys' fees. Defendant opposed the motion and made an oral cross motion to dismiss the claims for retroactive spousal support and attorneys' fees in the 2014 support and 2016 divorce actions, which he maintained had both abated upon decedent's death. In his written cross motion, he also sought, inter alia, sanctions against decedent's estate pursuant to 22 NYCRR 130-1.1. Defendant appeals from an order insofar as it effectively granted the motion to substitute plaintiff in both actions and denied those parts of the cross motion with respect to decedent's claims for spousal support under Family Court Act article 4 and attorneys' fees in both actions, and we reverse the order to that extent.
We agree with defendant that, under the circumstances of this case, both the 2014 support action and the 2016 divorce action abated upon decedent's death, precluding the court from [*2]taking any further measures in either action. It is well settled that a divorce action abates upon the death of either party to the action because the marital relationship ceases to exist at that time (see Cornell v Cornell, 7 NY2d 164, 169 [1959], rearg denied 7 NY2d 995 [1960], mot to amend remittitur granted 7 NY2d 996 [1960]; Adams v Margulis, 191 AD3d 1478, 1480 [4th Dept 2021]; First Metlife Invs. Ins. Co. v Filippino, 170 AD3d 672, 674 [2d Dept 2019]). When abatement occurs, the court lacks jurisdiction to act (see First Metlife Invs. Ins. Co., 170 AD3d at 674; Bordas v Bordas, 134 AD3d 660, 660 [2d Dept 2015]; King v Kline, 65 AD3d 432, 433 [1st Dept 2009]). The abatement rule also typically applies to ancillary issues, such as maintenance and attorneys' fees sought in a divorce action, which are "necessarily dependent on the existence of a divorce action" (King, 65 AD3d at 433) and, with respect to those issues, applies regardless of which spouse—payee or payor—has died (see generally id.; Flaherty v Lynch, 292 AD2d 340, 341 [2d Dept 2002], lv denied 99 NY2d 529 [2002]).
There are, however, some exceptions to the rule that divorce actions abate upon the death of a party. Specifically, courts have recognized that abatement does not occur when a party's rights have vested prior to the death or when all that remains to be done in the action following a party's death is for the court to effectuate a ministerial act (see e.g. Cornell, 7 NY2d at 169-170; Charasz v Rozenblum, 128 AD3d 631, 632 [2d Dept 2015]; Matter of Agliata, 222 AD2d 1025, 1025 [4th Dept 1995]).
Here, neither exception applies with respect to the 2016 divorce action inasmuch as decedent had not acquired any vested rights with respect to maintenance or attorneys' fees, nor were only ministerial acts remaining in that action. Consequently, we conclude that, despite properly concluding that the maintenance and equitable distribution relief sought in the 2016 divorce action abated upon decedent's death, the court erred to the extent that it granted that part of the motion to substitute plaintiff in that action and to the extent that it converted any portion thereof into a proceeding for spousal support. Thus, the court also erred in denying the cross motion with respect to the claim for attorneys' fees asserted in the 2016 divorce action, which also abated upon decedent's death. In short, once the 2016 divorce action abated upon decedent's death, the court lacked power to do anything in that action (see generally Bordas, 134 AD3d at 660; King, 65 AD3d at 433).
Similarly, we conclude that the 2014 support action, including any related claim for attorneys' fees, also abated upon decedent's death and should have been dismissed. Akin to the abatement rule that applies in the context of a divorce action, we note that any order of support terminates upon the death of either party (see Family Ct Act
§ 412 [10] [d]). Inasmuch as no order of support was ever entered on decedent's behalf with respect to the 2014 support action, we conclude that decedent did not acquire any vested rights to spousal support or any other ancillary relief in that action prior to her death, and therefore that action fully abated upon decedent's death (see generally Sperber v Schwartz, 139 AD2d 640, 642 [2d Dept 1988], lv dismissed 73 NY2d 871 [1989], lv denied 74 NY2d 606 [1989]; cf. generally Peterson v Goldberg, 180 AD2d 260, 263-264 [2d Dept 1992], lv dismissed 81 NY2d 835 [1993]).
Indeed, to conclude otherwise would essentially convert an unresolved and unliquidated spousal support claim into a vested right to the same. In substance, that would elevate that claim over any right to maintenance in the 2016 divorce action, which the court properly concluded had abated upon decedent's death. Absent legislation to the contrary, we decline to adopt that view. Also supporting our conclusion that unresolved and unliquidated spousal support claims abate upon the death of a party, much like maintenance claims do, we note that legislative revisions to the statute governing the computation of spousal support suggest that it should be treated identically to maintenance claims (see Merril Sobie, Supp Practice Commentaries, McKinney's Cons Laws of NY, 2015 Electronic Update, Family Ct Act § 412). Consequently, the court erred in granting that part of the motion to substitute plaintiff in the 2014 support action and in denying those parts of the cross motion with respect to the claims for spousal support and attorneys' fees asserted in that action.
Finally, we agree with plaintiff that defendant's contention with respect to sanctions is not properly before us because defendant did not appeal from that part of the order denying his cross motion insofar as it sought sanctions (see generally CPLR 5515 [1]; Matter of Long Is. Pine Barrens Socy., Inc. v Central Pine Barrens Joint Planning & Policy Commn., 113 AD3d [*3]853, 855 [2d Dept 2014]; City of Mount Vernon v Mount Vernon Hous. Auth., 235 AD2d 516, 517 [2d Dept 1997]).
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court