Vandergrand Props. Co., L.P. v Warnock (2022 NY Slip Op 04229)

Vandergrand Props. Co., L.P. v Warnock

2022 NY Slip Op 04229

Decided on June 30, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 30, 2022

Before: Kapnick, J.P., Friedman, Moulton, Shulman, Pitt, JJ. 

Index No. 150336/20 Appeal No. 16246 Case No. 2022-00732 

[*1]Vandergrand Properties Co., L.P., Plaintiff-Respondent,
v
Susan Warnock, Defendant, Robert Becker, Defendant-Appellant.

The Shell Law Firm, PLLC, New York (Martin A. Shell of counsel), for appellant.
Rivkin Radler LLP, New York (Henry M. Mascia of counsel), for respondent.

Appeal from order, Supreme Court, New York County (Arlene P. Bluth, J.), entered November 9, 2021, to the extent it granted plaintiff's motion for summary judgment, deemed appeal from a money judgment, same court and Justice, entered November 23, 2021, in favor of plaintiff (CPLR 5520[c]), and, so considered, unanimously affirmed, and appeal therefrom otherwise dismissed, without costs.
Plaintiff established prima facie that defendant Robert Becker breached his guaranty of payment of the rent and other amounts payable by tenant Thirteenth Floor Group, LLC under a commercial lease agreement by submitting evidence of the absolute and unconditional guaranty, the tenant's debt, and Becker's failure to perform under the guaranty (see Kensington House Co. v Oram, 293 AD2d 304 [1st Dept 2002]).
In opposition, Becker failed to show, as he contends, that he was fraudulently induced to sign the guaranty by plaintiff's failure to tell the tenant that it was renting a portion of the building to a purported competitor of the tenant (see National Westminster Bank USA v Sardi's, Inc., 174 AD2d 470 [1st Dept 1991]). He submitted no evidence that plaintiff was required to disclose that information, and the tenant did not ask plaintiff whether it was renting to any competitors (see Howe Sewing Mach. Co. v Farrington, 82 NY 121, 127 [1880]). Becker also failed to raise an issue of fact whether the guaranty was unenforceable on the ground that plaintiff wrongfully caused the tenant to default by allowing the aforementioned competitor to rent neighboring space and perform construction work. Canterbury Realty & Equip. Corp. v Poughkeepsie Sav. Bank (135 AD2d 102 [3d Dept 1988]), on which he relies, is inapposite. In that case, the defendant bank was found to have wrongfully caused the plaintiff borrower's default by repeatedly allowing the plaintiff to exceed its credit limit and then accelerating the loan on the ground that the plaintiff had exceeded its credit limit. By contrast, there is no element of detrimental reliance in this case. In any event, Becker may not assert defenses personal to the tenant, except for a failure of consideration, and, as the tenant was still in possession during the relevant time, there was no failure of consideration (see Royal Equities Operating, LLC v Rubin, 154 AD3d 516 [1st Dept 2017]).
We have no jurisdiction to entertain Becker's arguments in support of reversing the part of the order that denied his cross motion for consolidation, because his notice of
appeal limited the appeal to the specific part of the order that granted plaintiff's motion (see CPLR 5515[1]; Handelsman v Llewellyn, 180 AD3d 580, 581 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 30, 2022