Warner v Port Byron Cent. Sch. Dist. (2023 NY Slip Op 04269)

Warner v Port Byron Cent. Sch. Dist.

2023 NY Slip Op 04269

Decided on August 11, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, BANNISTER, AND GREENWOOD, JJ.

434 CA 22-01752

[*1]STEPHEN WARNER, PLAINTIFF-RESPONDENT,
v
PORT BYRON CENTRAL SCHOOL DISTRICT, PORT BYRON CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION, DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 

FERRARA FIORENZA P.C., EAST SYRACUSE (CHARLES C. SPAGNOLI OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
WEITZ & LUXENBERG, P.C., NEW YORK CITY (JASON P. WEINSTEIN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Cayuga County (Deborah A. Chimes, J.), entered October 14, 2022. The order, insofar as appealed from, granted in part the motion of plaintiff for leave to file and serve an amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this personal injury action pursuant to the Child Victims Act (see CPLR 214-g) alleging that he was sexually abused from 1982 to 1984 by a teacher while he attended programs at a school located within defendant Port Byron Central School District. Plaintiff moved for leave to file and serve an amended complaint to, inter alia, amend the caption and add additional defendants. Port Byron Central School District and Port Byron Central School District Board of Education (collectively, defendants) cross-moved for summary judgment dismissing the complaint or proposed amended complaint. Supreme Court granted plaintiff's motion in part and denied defendants' cross-motion. Defendants now appeal, as limited by their notice of appeal, from that part of the court's order granting in part plaintiff's motion for leave to file and serve an amended complaint. Defendants contend that the court erred in failing to dismiss plaintiff's eighth cause of action, which alleges that defendants failed to report allegations of sexual abuse under, inter alia, Social Services Law § 413. Notably, the eighth cause of action was contained in the original complaint and retained against defendants in the proposed amended complaint.
CPLR 5515 (1) requires that a notice of appeal designate, inter alia, the judgment or order, or specific part of the judgment or order, from which the appeal is taken, and that requirement is jurisdictional (see City of Mount Vernon v Mount Vernon Hous. Auth., 235 AD2d 516, 517 [2d Dept 1997]; see generally Bomer v Dean, 195 AD3d 1518, 1521 [4th Dept 2021]). Here, defendants limited their appeal to that part of the order granting in part plaintiff's motion to file and serve an amended complaint. Thus, defendants' contention that the eighth cause of action should have been dismissed on the merits is not properly before this Court (see generally Vandergrand Props. Co., L.P. v Warnock, 206 AD3d 597, 598 [1st Dept 2022]; Weichert v Delia, 1 AD3d 1058, 1058-1059 [4th Dept 2003], lv denied 1 NY3d 509 [2004]).
Entered: August 11, 2023
Ann Dillon Flynn
Clerk of the Court