Churchill Owners Corp. v Kent (2024 NY Slip Op 00263)

Churchill Owners Corp. v Kent

2024 NY Slip Op 00263

Decided on January 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2024

Before: Oing, J.P., Gesmer, Scarpulla, Rodriguez, Michael, JJ. 

Index No. 650052/22 Appeal No. 1497-1498 Case No. 2023-03027, 2023-03037 

[*1]Churchill Owners Corp., Plaintiff-Respondent,
v
Jeffrey Kent, Defendant-Appellant.

Ruskin Moscou Faltischek, P.C., Uniondale (John G. Farinacci of counsel), for appellant.
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Paul N. Gruber of counsel), for respondent.

Judgment, Supreme Court, New York County (Arlene P. Bluth, J.) entered December 27, 2022, in favor of plaintiff and against defendant in the total amount of $93,762.92, and bringing up for review an order, same court and Justice, entered December 8, 2022, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on its claims under the parties' guarantee, unanimously affirmed, with costs. Appeal from the order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The motion court properly granted summary judgment in favor of plaintiff cooperative, awarding it a money judgment for unpaid maintenance and other charges under defendant's absolute and unconditional guarantee (see e.g. Vandergrand Props. Co., L.P. v Warnock, 206 AD3d 597, 597 [1st Dept 2022]). Although plaintiff sought the guarantee as a condition of defendant's father's transfer of the shares and proprietary leases to the father's personal trust, none of the provisions of the guarantee are predicated upon the trust's administration, distribution of assets, or defendant's right to access or occupy the apartments. Rather, paragraph 16(a)(iv) of the proprietary leases and article 5, section 3 of plaintiff's bylaws require all sums due to the cooperative to be paid before a transfer of shares may take effect, and defendant does not dispute that he ceased to pay the maintenance and other amounts due and owing to plaintiff following his father's death.
Contrary to defendant's contention, the guarantee was not breached by plaintiff's refusal to permit defendant to occupy the apartment until the conditions in the bylaws were fulfilled. The consent letter between plaintiff and defendant's father authorizing the transfer of shares and proprietary leases to the trust expressly provided that defendant's father was the sole authorized occupant of the combined apartment, that no other person would have the right to occupy the apartment without plaintiff's consent, and that defendant's father executed an occupancy agreement which also provided that he would be the sole occupant, all of which refutes defendant's contentions to the contrary (see e.g. Vitamin Realty Assoc. LLC v Time Record Stor., LLC, 193 AD3d 491, 491 [1st Dept 2021]). The use of the plural "authorized occupants" in certain provisions of the consent letter did not serve to expand the express definition of "authorized occupant," nor was there any provision or other evidence outside of defendant's subjective understanding that the parties intended for defendant to be deemed a successor authorized occupant.
The question of whether a successor trustee must be appointed in order to transfer the shares and proprietary leases from the trust to defendant is a matter that must be resolved in the pending Surrogate Court proceeding and has no bearing on the enforcement of the guaranty. As the motion court correctly determined, plaintiff's failure to submit a statement [*2]of undisputed facts under 22 NYCRR 202.8-g or respond to defendant's statement did not warrant a different result where, as here, the court did not direct the parties to submit statements under 22 NYCRR 202.8-g, and a review of the record reveals that the material facts are not in dispute (see e.g. On the Water Prods., LLC v Glynos, 211 AD3d 1480, 1481 [4th Dept 2022]).
We have considered defendant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2024